United States District Court
Southern District of Texas
**ENTERED**
June 02, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EDWARD LEE SCARBROUGH,** | § | |
| *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-CV-3760** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>

This is a foreclosure-related case originally brought in state court by mortgagors against their original mortgagee, their mortgage servicer, and their mortgage servicer's attorneys. Pending before the Court are Plaintiffs' Motion to Remand (Dkt. No. 8) and two Defendants' Motions to Dismiss for failure to state a claim (Dkt. Nos. 16, 29).[1] Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Plaintiffs' Motion to Remand be **DENIED**, both Defendants' Motions to Dismiss be **GRANTED**, and Plaintiffs be given **LEAVE TO AMEND** their complaint.

## I.      BACKGROUND

Plaintiffs Edward Lee Scarbrough and Cheryl B. Slaid-Scarbrough ("Plaintiffs") filed this action on November 1, 2021 in the 434th Judicial District of Fort Bend County, Texas against Defendants American Federated Mortgage Corporation ("American Federated"), JPMorgan Chase Bank, N.A. ("Chase"), and McCarthy & Holthus, LLP ("McCarthy & Holthus") seeking to prevent

---

[1] On January 28, 2022, this case was referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 21.)

foreclosure on their home located at 3007 River Forest Drive, Richmond, Texas. (Dkt. No. 1-1.) Plaintiffs allege they executed a promissory note and deed of trust on August 26, 2008 in favor of American Federated in the amount of $749,950. (*Id.* ¶ 11.) During the borrowing process, according to Plaintiffs, American Federated made material misrepresentations and breached its fiduciary duties regarding the rate adjustment provision in the note and the likelihood it would result in "ruinous increases" in the interest rate. (*Id.* ¶¶ 12–13.)

Plaintiffs allege that, at some point after they executed the note, American Federated either engaged Chase to be the mortgage servicer or assigned Chase the mortgage. (Dkt. No. 1-1 ¶ 14.) Plaintiffs allege that both American Federated and Chase improperly calculated the monthly amount due under the mortgage. (*Id.* ¶ 15.) Plaintiffs further allege they paid off the mortgage on January 21, 2019 by tendering securities, drafts, or bills of exchange to Chase, who "accepted the negotiable instrument(s) . . . and traded them into the financial markets for value without accounting to Plaintiffs for any value received." (*Id.* ¶ 1; *see also id.* ¶¶ 16–17.) Finally, Plaintiffs allege that counsel for Chase, McCarthy & Holthus, mailed them a Notice of Substitute Trustee Sale ("Foreclosure Notice") on September 29, 2021 which scheduled foreclosure even though they allegedly paid off the mortgage. (*Id.* ¶ 18; *see also id.*, Ex. 1.) Plaintiffs filed this action against all three defendants alleging wrongful foreclosure and conversion claims and seeking a temporary restraining order, declaratory judgment, and damages. (*Id.* ¶¶ 20–33.)

On November 17, 2021, Chase removed the action to federal court based on diversity jurisdiction. (Dkt. No. 1.) Chase asserts the amount in controversy exceeds $75,000 and complete diversity exists among properly joined parties, as Plaintiffs are citizens of Texas, Chase is a citizen of Ohio, and McCarthy & Holthus is a citizen of California. (Dkt. Nos. 1, 10.) According to Chase, the citizenship of American Federated should be disregarded because Plaintiffs fail to establish a

cause of action against it and thus it is an improperly joined party. (Dkt. No. 1 at 6–9; Dkt. No. 10 at 3.) Plaintiffs disagree that diversity jurisdiction exists and move to remand the case to state court. (Dkt. No. 8.) Plaintiffs argue that American Federated and McCarthy & Holthus are both citizens of Texas and that they sufficiently allege claims against both defendants. (*Id.* at 5–8; Dkt. No. 17 at 2 n.1, 4–6.) Thus, according to Plaintiffs, American Federated and McCarthy & Holthus are properly joined parties that destroy diversity jurisdiction.

On December 7, 2021, Chase filed a motion to dismiss Plaintiffs' original complaint. (Dkt. No. 3.) Plaintiffs then filed an amended complaint maintaining that diversity jurisdiction does not exist but providing additional facts and clarifying their claims against each of the three defendants. (Dkt. No. 13.) Plaintiffs also assert a new claim against McCarthy & Holthus for violations of the Texas Debt Collection Act, alleging the Foreclosure Notice was false, deceptive, and coercive because it did not reflect that the debt had already been satisfied and improperly threatened them with imminent foreclosure. (*Id.* ¶¶ 38–41.)[2] Chase then filed a second motion to dismiss under Rule 12(b)(6) and the Court terminated its first motion to dismiss as moot. (Dkt. No. 16.) McCarthy & Holthus has since appeared in the case, consented to removal, and filed its own motion to dismiss, relying primarily on the doctrine of attorney immunity. (Dkt. Nos. 11, 29.)

The Court first addresses subject matter jurisdiction and finds that diversity jurisdiction exists in this case because the amount in controversy exceeds $75,000 and all properly joined parties are completely diverse. In reaching this conclusion, the Court finds that McCarthy & Holthus is not a citizen of Texas and thus its citizenship does not destroy diversity jurisdiction.

---

[2] Plaintiffs also reference a June 2019 foreclosure letter from McCarthy & Holthus that prompted them to file an earlier lawsuit resulting in a temporary restraining order against the three defendants in this case. (Dkt. No. 13 ¶ 40; Dkt. No. 13-2.) However, after that case was removed to federal court, the parties agreed to a dismissal without prejudice due to a COVID-19 moratorium on foreclosures. (Dkt. No. 8 at 3–4; Dkt. No. 8-4.)

The Court also finds that American Federated has been improperly joined because Plaintiffs fail to state a claim against it and thus its citizenship does not destroy diversity jurisdiction. Plaintiffs' Motion to Remand (Dkt. No. 8) should therefore be denied. The Court next addresses the two pending motions to dismiss by Chase and McCarthy & Holthus and finds that Plaintiffs fail to state a claim under Rule 12(b)(6) against either defendant. Both Motions to Dismiss (Dkt. Nos. 16, 29) should therefore be granted. However, Plaintiffs should be granted one final opportunity to amend their complaint.

## II.   PLAINTIFFS' MOTION TO REMAND

### A.  Legal Standards

"Federal courts are courts of limited jurisdiction" and their power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). As a result, a defendant may remove a civil case from state to federal court only when the federal court maintains original subject matter jurisdiction over the action, either through diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). Diversity jurisdiction exists when the action is between citizens of different states and involves an amount in controversy over $75,000, excluding interest and costs. 28 U.S.C. § 1332. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute should be strictly construed and any doubts regarding whether removal was proper should be resolved against federal jurisdiction and in favor of remand. *Id.*; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"When assessing whether diversity jurisdiction exists, a court must disregard the non-diverse citizenship of an improperly joined defendant." *Petroleum Helicopters, Inc. v. Apical Indus., Inc.*, No. 13-CV-15, 2013 WL 2297066, at *3 (W.D. La. May 23, 2013); *see also Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217–18 (5th Cir. 1995). There are two ways to establish improper joinder of a defendant: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quotations omitted). The question in evaluating the second method of establishing improper joinder—the only method at issue in this case—is whether there is any "reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*; *see also Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (explaining the possibility of recovery must be reasonable and not merely theoretical). A defendant who argues a non-diverse party is improperly joined bears a heavy burden of proof. *Smallwood*, 385 F.3d at 574; *Petroleum Helicopters*, 2013 WL 2297066, at *3.

The Fifth Circuit has directed courts to evaluate whether there is a reasonable basis for recovery under the Federal Rule 12(b)(6) pleading standards rather than under state pleading standards. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573). Rule 12(b)(6) provides for dismissal of a complaint based on failure to state a claim. FED. R. CIV. P. 12(b)(6). To survive under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* A court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In the context of an improper joinder analysis, "the existence of even a single valid cause of action against [non-diverse] defendants . . . requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

### B. Diversity Jurisdiction Exists Because McCarthy & Holthus Is Not a Citizen of Texas and American Federated Was Improperly Joined

Here, the parties do not dispute that Plaintiffs are citizens of Texas, Chase is a citizen of Ohio, and the amount in controversy exceeds $75,000. (Dkt. No. 8 at 2; Dkt. No. 10 at 2–4.) However, the parties dispute whether McCarthy & Holthus is a citizen of Texas and, if so, whether it has been improperly joined as a defendant. The parties also dispute whether American Federated was improperly joined as a defendant. The Court will address each issue in turn.

#### 1. McCarthy & Holthus

Chase asserts McCarthy & Holthus is a citizen of California and not Texas because its only two partners, Thomas Holthus and Kevin McCarthy, are citizens of California. (Dkt. No. 10 at 2.) Plaintiffs argue McCarthy & Holthus is also a citizen of Texas because it has an additional managing partner named Cole Patton who resides in Texas, as demonstrated by the law firm's website and Mr. Patton's LinkedIn profile. (Dkt. No. 17 at 4–6; *see* Dkt. Nos. 17-1, 17-2.) Chase argues Mr. Patton should not be considered in the jurisdiction analysis and submits an affidavit from Mr. Patton attesting that he is not a general or limited liability partner and that the firm has no general or limited liability partners that reside in Texas. (Dkt. No. 15-1 ¶¶ 5–6.) McCarthy & Holthus, upon court order, submitted its partnership agreement and an affidavit from Mr. Holthus

stating the firm's only two partners reside in California. (Dkt. No. 36 ¶¶ 4–9.) The Court finds McCarthy & Holthus is not a citizen of Texas.

"[T]he party asserting [diversity] jurisdiction must distinctly and affirmatively allege the citizenship of the parties," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (quotations and alterations omitted), although defects in a notice of removal may be cured by affidavit or statements in response to a motion to remand. *Beneplace, Inc. v. Pitney Bowes, Inc.*, No. 15-CV-65, 2016 WL 11582929, at *6 (W.D. Tex. June 30, 2016), *report and recommendation adopted*, 2016 WL 11582930 (July 29, 2016). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). For diversity jurisdiction purposes, the citizenship of a limited liability partnership is determined by the citizenship of each of its partners. *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 580 (S.D. Tex. 2012) (citing *Mullins v. TestAm., Inc.*, 300 F. App'x 259, 259 (5th Cir. 2008)).

McCarthy & Holthus is a limited liability partnership. Mr. Patton's affidavit states that McCarthy & Holthus has two partners, both of whom reside in California, and that he is only an employee of the firm. (Dkt. No. 15-1.) This information is confirmed by Mr. Holthus's affidavit and the accompanying partnership agreement. (*See* Dkt. No. 36.) The website and LinkedIn evidence identifying Mr. Patton as a "managing partner" does not make him a general or limited liability partner that should be considered in determining the citizenship of the firm.[3] Therefore,

---

[3] Plaintiffs argue that, even if Mr. Patton is not actually a partner of McCarthy & Holthus, his citizenship should still be considered because the firm's website leads reasonable third parties to believe he is a partner. (Dkt. No. 17 at 6–7.) In other words, Plaintiffs argue the firm should be considered a Texas citizen under the apparent authority doctrine. (*Id.*) However, none of the cases Plaintiffs cite apply this doctrine in the citizenship context and the Court, through its own research, is not aware of any authority indicating such an application would be proper.

despite Plaintiffs' evidence, the Court finds Chase has established McCarthy & Holthus does not have any partners that reside in Texas and thus it is not a citizen of Texas. *See Vance v. Safety-Kleen Sys., Inc.*, No. 21-CV-2171, 2021 WL 6063619, at *3 (N.D. Tex. Dec. 20, 2021) (finding defendant carried its burden to show complete diversity through affidavits despite conflicting website evidence submitted by plaintiffs); *Beneplace, Inc.*, 2016 WL 11582929, at *6–7 (finding affidavit and LLC agreement were sufficient to establish defendant's citizenship even though plaintiff argued the LLC may have new members). Plaintiffs' claims against McCarthy & Holthus are irrelevant to the improper joinder analysis and do not destroy diversity jurisdiction.[4]

### 2. American Federated

Plaintiffs and Chase agree that American Federated was incorporated in Texas. (Dkt. No. 1-1 ¶ 8; Dkt. No. 10 at 3.) However, Chase argues that American Federated has been improperly joined because it is a defunct corporation and Plaintiffs fail to state a claim against it. (Dkt. No. 1 at 6–9; Dkt. No. 15 at 8–21.) Plaintiffs argue that it is irrelevant whether American Federated is defunct and that, in any event, American Federated is still operating as a business. (Dkt. No. 8 at 7–8.) Plaintiffs also argue that Chase raises only fact issues inappropriate for resolution at this stage of the proceedings. (*Id.*) The Court agrees with Chase.

First, American Federated can no longer be sued under Texas law. The Texas Secretary of State forfeited its charter and certificate of registration under section 171.309 of the Texas Tax Code on May 21, 2010 and the forfeiture has not been set aside. (Dkt. No. 1-3.) The forfeiture made American Federated a terminated entity that could only prosecute or defend itself in court for three years after the date of termination. *See Cohen Acquisition Corp. v. EEPB, P.C.*, No. 14-

---

[4] If McCarthy & Holthus were a citizen of Texas, the Court would find it to be improperly joined because Plaintiffs fail to state a claim against it. *See infra* Section III.B.

CV-330, 2015 WL 2404869, at *2 (Tex. App. May 19, 2015) (explaining an entity that has forfeited its charter under section 171.309 of the Texas Tax Code continues to exist for three years only under section 11.356(a) of the Texas Business Organizations Code for the limited purpose of prosecuting or defending a legal action). As a result, any claims brought against American Federated after May 21, 2013 were extinguished under Texas law. *See Construtodo, S.A. De C.V. v. Conficasa Holdings, Inc.*, No. 12-CV-3026, 2014 WL 427114, at *3 (S.D. Tex. Jan. 31, 2014) ("[T]he tax forfeiture statute and the three-year limited survival statute together extinguish all claims by or against a dissolved corporation unless an action or proceeding on the claims is brought within three years of the dissolution.").

Several courts have applied this concept in the improper joinder context to determine whether there is a reasonable basis a plaintiff can recover against a defendant. *See Graves v. Decca Consulting, Inc.*, No. 20-CV-21, 2020 WL 10317466, at *2 (W.D. Tex. June 11, 2020), *report and recommendation adopted*, 2021 WL 2792983 (Feb. 12, 2021); *Zeitler ex rel. Arvizo v. CNH Am., LLC*, No. 18-CV-508, 2019 WL 3806073, at *3–4 (E.D. Tex. Apr. 2, 2019); *Diffley v. JPMorgan Chase Bank, N.A.*, No. 13-CV-986, 2013 WL 12131599, at *2 (N.D. Tex. Dec. 19, 2013).[5] The evidence Plaintiffs submit for the proposition that American Federated is actually still operating— the corporation's website that has no navigable links or recently updated information and two third-party directories containing almost no information or source identification—is weak at best. (*See* Dkt. No. 8-1.) Chase has demonstrated Plaintiffs have no reasonable basis for recovery against

---

[5] The primary case Plaintiffs cite in opposition of this application—*Beall v. Conoco Phillips Co.*, No. 08-CV-289, 2008 WL 2433579 (M.D. La. June 16, 2008)—is distinguishable. The court in *Beall* found that an inactive corporation was properly joined because there was no evidence it had been dissolved or no longer existed under Louisiana law. *Beall*, 2008 WL 2433579, at *3. That is not the case here. *See Ashley v. Devon Energy Corp.*, No. 14-CV-512, 2015 WL 803136, at *4 (M.D. La. Feb. 25, 2015) (distinguishing from *Beall* and finding only a theoretical possibility of recovery against a corporation that had gone bankrupt).

American Federated and thus it has been improperly joined as a defendant in this suit. *See Graves*, 2020 WL 10317466, at \*2 (finding corporation that forfeited its existence more than three years before plaintiff filed suit was no longer amenable to suit and was thus improperly joined).

Second, even if American Federated can be sued, Plaintiffs fail to state a claim against it under Rules 12(b)(6) and 9(b). A court generally must look to the state court complaint to determine whether a party has been improperly joined because facts establishing jurisdiction are judged as of the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). However, a court may look to a post-removal amended complaint where, as here, it clarifies the claims already alleged. *See Dodd v. Chubb Nat'l Ins. Co.*, No. 21-CV-3671, 2022 WL 1185175, at \*3 (S.D. Tex. Apr. 21, 2022); *Allbright v. W. Concrete Pumping, Inc.*, No. 17-CV-63, 2017 WL 1374180, at \*2–3 (W.D. Tex. Apr. 12, 2017). Plaintiffs assert three claims against American Federated in their original complaint, as clarified in their amended complaint: breach of contract, fraud, and breach of fiduciary duty. (Dkt. No. 1-1 ¶¶ 12–17; Dkt. No. 13 ¶¶ 14–19, 32–37.) As explained below, none of these claims would survive a motion to dismiss and thus Plaintiffs do not have a reasonable basis for recovery against American Federated.[6]

Plaintiffs allege American Federated breached the note and deed of trust by assigning them to Chase without notice or consent, failing to properly document the loan transaction, and failing to correctly calculate the amount due each month or credit them for payments received. (Dkt. No. 1-1 ¶¶ 14–17; Dkt. No. 13 ¶ 33.) The elements for breach of contract under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach

---

[6] Chase makes various statute of limitations arguments for the claims against American Federated. However, the Court does not address these arguments because it may be inappropriate to do so when American Federated has not appeared and asserted the defense. *See Soin v. JPMorgan Chase Bank*, No. 12-CV-2766, 2012 WL 6018746, at \*2 (S.D. Tex. Nov. 29, 2012).

of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (quotations omitted). To state a claim for breach of contract, a plaintiff must identify the specific provision breached and allege enough facts to plausibly infer how it was breached. *See Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015); *Baker v. Wells Fargo USA Holdings, Inc.*, No. 19-CV-522, 2019 WL 2501922, at *2 (W.D. Tex. June 17, 2019).

Plaintiffs' allegations here are insufficient. Plaintiffs do not point to any contract provision in their complaint, with the exception of a vague reference to the rate adjustment provision that is devoid of related facts. They do not include any information on how the loan was improperly documented or assigned to Chase. Most importantly, they do not provide any facts as to the central allegations in this case—that defendants failed to credit their June 2019 payment involving negotiable instruments—other than the vague assertion that the negotiable instruments were securities, drafts, or bills of exchange. Plaintiffs fail to state a claim for breach of contract. *See, e.g.*, *Conner v. Lakeview Loan Servicing, LLC*, No. 19-CV-357, 2019 WL 2396173, at *2 (W.D. Tex. June 6, 2019) (finding plaintiff failed to state a claim involving defendant's failure to notify her of mortgage assignment because she did not point to a specific provision in the loan agreement); *Dominguez v. Beneficial Fin. I, Inc.*, No. 14-CV-67, 2015 WL 12748637, at *6 (S.D. Tex. Feb. 4, 2015) (finding plaintiff failed to state a claim involving defendant's failure to credit him for mortgage payments because he did not identify a specific contract provision or include facts), *report and recommendation adopted*, 2015 WL 12748638 (June 17, 2015). The breach of contract claim does not create a reasonable basis for recovery against American Federated.

Plaintiffs allege American Federated committed fraud by misrepresenting the terms of the loan agreement, particularly the interest rate adjustment features. (Dkt. No. 1-1 ¶ 12; Dkt. No. 13

¶¶ 14, 37.) "There are two types of common law fraud in Texas: simple fraud and fraudulent inducement." *Shelby v. Wells Fargo Bank, N.A.*, No. 18-CV-416, 2018 WL 3979864, at *6 (N.D. Tex. July 23, 2018), *report and recommendation adopted*, 2018 WL 3971915 (Aug. 20, 2018). The elements of simple fraud are: "(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Id.* The elements of fraudulent inducement are the same but also require that the misrepresentation induced an underlying contract. *Id.* Both fraud and fraudulent inducement are subject to the Rule 9(b) requirement that "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Potter*, 607 F.3d at 1032 (quotations omitted).

Plaintiffs here do not meet these pleading standards. While Plaintiffs do generally allege what information American Federated misrepresented—that the rate adjustment provision could not be adjusted rapidly, was more favorable than other options, and would be manageable for Plaintiffs—they do not allege who made these representations,[7] when and where they were made, or how they were false. Plaintiffs fail to state a fraud claim. *See, e.g.*, *Shelby*, 2018 WL 3979864, at *6 (finding plaintiff failed to meet Rule 9(b) standards for fraud because he failed to "identify

---

[7] Plaintiffs do reference one of American Federated's agents by name in their complaint. (Dkt. No. 1-1 ¶ 13; Dkt. No. 13 ¶ 15.) However, this appears to be in connection with their breach of fiduciary duty claim and concerns the agent's failure to disclose information about the rate adjustment provision rather than his misrepresentations about the provision.

any speaker, the details of how the funding of the Note was fraudulent . . . , any specifics about the timing or location of his communications with the Bank Defendants, or exactly how these communications injured him"); *Amaya v. AVT Title Servs., LLC*, No. 18-CV-86, 2018 WL 2802736, at *5–6 (W.D. Tex. Apr. 27, 2018) (finding plaintiff failed to meet Rule 9(b) standards for fraud in foreclosure context and thus finding defendant improperly joined). The fraud claim does not create a reasonable basis for recovery against American Federated.

Plaintiffs finally allege American Federated, through its agent Dallas Russell, breached its fiduciary duty by failing to disclose the effects of the rate adjustment provision as compared to other options that could have been used. (Dkt. No. 1-1 ¶ 13; Dkt. No. 13 ¶ 15.) The elements for breach of fiduciary duty under Texas law are: "(1) the plaintiff and defendant had a fiduciary relationship; (2) the defendant breached its fiduciary duty to the plaintiffs; and (3) the defendant's breach resulted in injury to the plaintiff." *Seeberger Bank of Am., N.A. Ventures Tr. 2013 I.H.R. v. Seeberger*, No. 14-CV-366, 2015 WL 9200878, at *21 (W.D. Tex. Dec. 16, 2015) (quotations omitted). Texas courts consistently hold that neither the relationship between a borrower and a lender nor the relationship between a mortgagor and mortgagee constitutes a fiduciary relationship absent special circumstances. *Id.*; *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523 (5th Cir. 2008). This is because "the relationship between a borrower and a lender is an arm's length business relationship in which both parties are looking out for their own interests." *Love & Joy Servs., LLC v. Unity Nat'l Bank*, No. 19-CV-82, 2021 WL 1685192, at *7 (Tex. App. Apr. 29, 2021) (quotations omitted).

Plaintiffs here make only the conclusory assertion that they had a fiduciary relationship with American Federated or its agent and fail to allege any special circumstances that would give rise to such a duty. This is insufficient given that the relationship at issue is between mortgagers

and their mortgagee. Plaintiffs fail to state a breach of fiduciary duty claim. *See, e.g.*, *Calle Monsalve v. CMG Fin.*, No. 21-CV-58, 2021 WL 2444168, at *9 (W.D. Tex. June 15, 2021) (finding plaintiff failed to state a claim against her mortgage holder because she failed to plead facts supporting a fiduciary or confidential relationship); *Avila v. Ocwen Loan Servicing, LLC*, No. 13-CV-27, 2013 WL 12126011, at *3 (W.D. Tex. July 23, 2013) (same). The breach of fiduciary duty claim does not create a reasonable basis for recovery against American Federated.

In sum, there is no reasonable basis to believe Plaintiffs can recover against American Federated because it cannot be sued under Texas law and because Plaintiffs fail to state a claim against it for breach of contract, fraud, and breach of fiduciary duty. American Federated has been improperly joined and it should be dismissed without prejudice from this action. *See Int'l Energy Ventures Mgmt.*, 818 F.3d at 209–10. American Federated's citizenship is thus irrelevant for diversity jurisdiction purposes and, because the remaining parties are completely diverse and the amount in controversy exceeds $75,000, the Court maintains subject matter jurisdiction over this case.

## III.  MOTIONS TO DISMISS

Given that the Court has subject matter jurisdiction, it may rule on the merits of the dispute. Both remaining defendants, Chase and McCarthy & Holthus, move to dismiss the amended complaint under Rule 12(b)(6). (Dkt. Nos. 16, 29.) As explained above, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" in order to survive. *Iqbal*, 556 U.S. at 678. A court must view all well-pleaded facts in the light most favorable to the plaintiff, *True*, 571 F.3d at 417, but it is not bound to accept legal conclusions couched as factual allegations, *Papasan*, 478 U.S. at 286. The Court addresses each motion to dismiss in turn.

### A.  Chase's Motion to Dismiss

Plaintiffs assert four claims against Chase: breach of contract, conversion, injunctive relief, and declaratory relief. (Dkt. No. 13 ¶¶ 23–35.) Chase argues none of these claims can survive Rule 12(b)(6). (Dkt. No. 16.) Chase first argues the breach of contract claim should be dismissed because Plaintiffs do not allege which contract provision was breached or include any factual detail regarding their alleged payment with negotiable instruments. (*Id.* at 10–14.) Chase next argues the conversion claim should be dismissed because Plaintiffs fail to include sufficient factual detail, especially given that the alleged converted property at issue involves money. (*Id.* at 6–10.) Chase finally argues Plaintiffs are not entitled to injunctive or declaratory relief because they cannot prevail on any of their substantive claims. (*Id.* at 14–17.) Plaintiffs' only response is that the Court should deny the motion because they have "met their burden in alleging conversion and breach of contract claims against Chase by clearly stating the grounds that entitle them to relief." (Dkt. No. 22 at 5.) The Court agrees with Chase.

Plaintiffs allege Chase breached the loan agreement by failing to correctly calculate the amount due per month and failing to credit Plaintiffs for the three securities, drafts, or bills of exchange it received on or about January 21, 2019. (Dkt. No. 13 ¶¶ 17–19, 34.) As described above, a plaintiff asserting a breach of contract claim must identify the specific provision that was breached and allege sufficient facts as to how that provision was breached. *Guajardo*, 605 F. App'x at 244; *Williams*, 560 F. App'x at 238. Plaintiffs here fail to identify which contract provision Chase breached, except for a conclusory reference to the adjustment rate provision, and fail to provide any specifics whatsoever as to any miscalculations of the monthly amount due. They also fail to identify what type of negotiable instruments they used to pay off their mortgage—other than the assertion that they were securities, drafts, or bills of exchange—and fail to give any indication

of how much they were worth. These vague and conclusory allegations are insufficient to state a claim. *See Baker*, 2019 WL 2501922, at \*2; *Conner*, 2019 WL 2396173, at \*2; *Dominguez*, 2015 WL 12748637, at \*6. Plaintiffs' breach of contract claim against Chase should thus be dismissed.

Plaintiffs allege Chase improperly converted the value of the negotiable instruments without giving them credit for the payment or returning the original negotiable instruments. (Dkt. No. 13 ¶¶ 18–19, 25–28.) Conversion under Texas law "is defined as the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights." *Fitzgerald v. Chase Home Loans*, No. 11-CV-1156, 2012 WL 13047728, at \*8 (S.D. Tex. Aug. 16, 2012) (quotations omitted). The elements of conversion are: "(1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property." *Id.* (quotations omitted). "[M]oney can be the subject of conversion, but only when it is in the form of specific chattel, such as old coins, or when the money is delivered to another party for safekeeping, the keeper claims no title, and the money is required and intended to be segregated." *Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 984 (5th Cir. 1996) (quotations omitted). Money cannot be the subject of conversion when "indebtedness may be discharged by the payment of money generally." *Id.* (quotations omitted).

Here, to the extent the alleged negotiable instruments are akin to money for use as mortgage payments, they are not amenable to a conversion claim. *See, e.g.*, *Calle Monsalve*, 2021 WL 2444168, at \*8 (finding mortgage payments did not constitute specific chattel as necessary to state a conversion claim); *Fitzgerald*, 2012 WL 13047728, at \*8 (finding plaintiffs failed to state a

conversion claim related to mortgage payments because indebtedness could be discharged by the payment of money generally); *Hansen v. Barrett Daffin Frappier Turner & Engel, LLP*, No. 11-CV-1605, 2011 WL 13244115, at *2 (S.D. Tex. Aug. 25, 2011) (same). To the extent the negotiable instruments are akin to other property generally amenable to a conversion claim, Plaintiffs' allegations that Chase accepted unidentified negotiable instruments without crediting them lack sufficient detail. Plaintiffs' conversion claim against Chase should be dismissed.[8]

Finally, Plaintiffs assert they are entitled to declaratory and injunctive relief in order to prevent foreclosure and related improper conduct. (Dkt. No. 13 ¶¶ 24, 30–31.) Plaintiffs frame these requests as stand-alone claims. However, "[c]laims for injunctive relief and declaratory relief are remedial in nature, and are therefore dependent on the plaintiff's assertion of a viable cause of action." *Tabor v. Wells Fargo Bank, N.A.*, No. 19-CV-192, 2019 WL 4724033, at *7 (W.D. Tex. Sept. 26, 2019). Because the breach of contract and conversion claims against Chase should be dismissed, the requests for injunctive and declaratory relief should also be dismissed. *See, e.g.*, *Sanchez v. Wells Fargo Bank, N.A.*, No. 20-CV-188, 2020 WL 2086549, at *3 (W.D. Tex. Apr. 30, 2020) (dismissing injunction request when no substantive claims remained); *Scott v. Bank of Am., N.A.*, No. 12-CV-917, 2013 WL 1821874, at *9 (W.D. Tex. Apr. 29, 2013) (dismissing declaratory judgment request after removal because all other claims had been dismissed). In sum, all of Plaintiffs' claims against Chase should be dismissed under Rule 12(b)(6).

---

[8] The Court does not address Chase's argument that the conversion claim is barred by the two-year statute of limitations under section 16.003(a) of the Texas Civil Practice and Remedies Code because it is not entirely clear that section applies. *See* Tex. Bus. & Com. Code § 3.118(g)(1) (providing that actions for conversion of negotiable instruments are governed by a three-year statute of limitations and explaining in comments that this rule "should be interpreted to supersede . . . any conflicting statute of limitations," including section 16.003 of the Texas Civil Practice and Remedies Code); *Ahmed v. Bank of Whittier, N.A.*, No. 21-CV-58, 2022 WL 1401432, at *4 (Tex. App. May 4, 2022) ("[W]hen a negotiable instrument is involved, claims for conversion . . . are governed by section 3.118(g) of the business and commerce code.").

### B.  McCarthy & Holthus's Motion to Dismiss

Plaintiffs assert three claims against McCarthy & Holthus: violations of the Texas Debt Collection Act ("TDCA"), declaratory relief, and injunctive relief. (Dkt. No. 13 ¶¶ 23–24, 29–31, 38–41.) McCarthy & Holthus argues each of these claims should be dismissed because they are barred by the attorney immunity doctrine. (Dkt. No. 29 at 3–5.) McCarthy & Holthus also argues the TDCA claim should be dismissed because Plaintiffs do not sufficiently allege it is a debt collector and the declaratory and injunctive relief requests should be dismissed because Plaintiffs fail to state any substantive claims against it. (*Id.* at 5–10.) Plaintiffs argue attorney immunity does not apply because they sue McCarthy & Holthus in its capacity as a debt collector under the TDCA. (Dkt. No. 31 at 4–6.) Plaintiffs also argue they otherwise state a claim under the TDCA and are entitled to declaratory and injunctive relief. (*Id.* at 4, 6.) The Court finds that Plaintiffs fail to state a claim against McCarthy & Holthus.

The doctrine of attorney immunity under Texas law is an affirmative defense that generally protects legal counsel from civil liability to non-clients for actions taken within the scope of legal representation. *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505 (5th Cir. 2019); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). "Whether immunity attaches turns on the type of conduct in which the lawyer is engaged, and the dispositive question is whether the attorney's conduct was part of the discharge of his duties in representing a party[.]" *McDaniel v. JPMorgan Chase Bank, N.A.*, No. 12-CV-392, 2012 WL 6114944, at *6 (E.D. Tex. Dec. 10, 2012) (quotations and citations omitted). This is a legal question that may be decided on a motion to dismiss when "the scope of the attorney's representation . . . is apparent on the face of the complaint." *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 764 (5th Cir. 2019)

(quotations and alterations omitted). The party seeking to invoke attorney immunity bears the burden of establishing the doctrine applies. *Id.* at 763.

"Whether attorneys are immune from suit for violations of the TDCA appears to be an open question[.]" *Bosserman v. Bank of Am., N.A.*, No. 13-CV-226, 2014 WL 12580436, at *10 (W.D. Tex. Jan. 13, 2014), *report and recommendation adopted*, 2014 WL 12580437 (Feb. 4, 2014). Several courts have found the doctrine does not protect attorneys sued in their capacity as debt collectors under the TDCA. *See, e.g.*, *Burke v. Hopkins*, No. 18-CV-4543, 2020 WL 1314487, at *5 (S.D. Tex. Feb. 24, 2020), *report and recommendation adopted*, 2020 WL 1304486 (Mar. 18, 2020); *McDaniel*, 2012 WL 6114944, at *6–7; *Foster v. Mackie Wolf Zientz & Mann, P.C.*, No. 20-CV-294, 2021 WL 1134452, at *6 (Tex. App. Mar. 25, 2021). Several other courts have found the doctrine does protect attorneys even when sued in their capacity as debt collectors under the TDCA. *See, e.g.*, *Barco v. PNC Bank, Nat'l Ass'n*, No. 15-CV-109, 2015 WL 11439071, at *4 (W.D. Tex. June 19, 2015); *Bitterroot Holdings, LLC v. MTGLQ Invs., L.P.*, No. 14-CV-862, 2015 WL 363196, at *6 (W.D. Tex. Jan. 27, 2015); *Ainsworth v. Wells Fargo Home Mortg., Inc.*, No. 14-CV-1942, 2014 WL 7273945, at *9 (N.D. Tex. Dec. 22, 2014). The Court need not resolve this issue, however, because Plaintiffs otherwise fail to state a TDCA claim.

The TDCA prohibits debt collectors and third-party debt collectors "from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Ainsworth*, 2014 WL 7273945, at *10 (quotations omitted); *see* TEX. FIN. CODE § 392.001 *et seq.* Plaintiffs allege McCarthy & Holthus violated various sections of the TDCA by sending the Foreclosure Notice that threatened them with foreclosure despite their alleged satisfaction of the debt. (Dkt. No. 13 ¶¶ 40–41.) Plaintiffs allege McCarthy & Holthus is a debt collector under the TDCA because it regularly engages in debt collection activity and because the Foreclosure Notice

admits McCarthy & Holthus is a debt collector and invites repayment of the debt. (Dkt. No. 13 ¶¶ 39, 44–46; *see also* Dkt. No. 31 at 4–6.) The Court finds Plaintiffs fail to state a TDCA claim because they do not sufficiently allege McCarthy & Holthus is a debt collector or third-party debt collector under the TDCA.

"Debt collector" under the TDCA means "a person who directly or indirectly engages in debt collection." TEX. FIN. CODE § 392.001(6). McCarthy & Holthus does not qualify as a debt collector under § 392.001(6) because that section applies only to creditors seeking to collect debts for themselves. *DeMarquis v. Alorica Inc.*, No. 20-CV-634, 2021 WL 8018068, at *3 (W.D. Tex. Oct. 28, 2021), *report and recommendation adopted*, 2021 WL 8018065 (Dec. 3, 2021); *see Ruiz de Balderas v. ETX Successor Athens*, No. 19-CV-58, 2020 WL 1479583, at *7 (E.D. Tex. Mar. 4, 2020) (interpreting plaintiff's TDCA claim to allege attorney was liable as a third-party debt collector, rather than a debt collector, because plaintiff did not allege attorney was attempting to collect a debt for herself), *report and recommendation adopted*, 2020 WL 1478563 (Mar. 26, 2020); *Welch v. Wells Fargo Bank, N.A.*, No. 12-CV-1468, 2012 WL 13047695, at *4 (S.D. Tex. Dec. 17, 2012) (same). The Court is also inclined to agree with McCarthy & Holthus's argument that, because it was a substitute trustee, it is not a debt collector by statute. (Dkt. No. 32 at 4 (citing TEX. PROP. CODE § 51.0075(b)); *see Darlington v. Specialized Loan Servicing, LLC*, No. 18-CV-674, 2019 WL 5058902, at *4 (W.D. Tex. July 30, 2019), *report and recommendation adopted*, 2019 WL 11541361 (Aug. 22, 2019). Plaintiffs fail to sufficiently allege McCarthy & Holthus is a debt collector under § 392.001(6) of the TDCA.

"Third-party debt collector" under the TDCA means "a debt collector, as defined by [the Fair Debt Collection Practices Act], but does not include an attorney collecting a debt . . . on behalf of . . . a client unless the attorney has non-attorney employees who: (A) are regularly engaged to

solicit debts for collection; or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts." TEX. FIN. CODE § 392.001(7). The Fair Debt Collection Practices Act ("FDCPA") defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, the FDCPA explicitly excludes from the definition any person attempting to collect a debt "which was not in default at the time it was obtained by such person." *See id.* § 1692a(6)(F)(iii). In sum, a third-party debt collector under the TDCA includes any debt collector under the FDCPA with the exception of attorneys that meet certain circumstances.

McCarthy & Holthus does not qualify as a third-party debt collector under the TDCA based on the facts alleged. First, Plaintiffs do not sufficiently allege McCarthy & Holthus meets the definition of debt collector under the FDCPA. Plaintiffs do not allege the principal purpose of its business is debt collection, and their allegations that McCarthy & Holthus regularly engages in debt collection activity are conclusory. *See Burke*, 2020 WL 1314487, at *6 (finding plaintiffs' conclusory assertion that defendants were debt collectors, without any factual support, were insufficient).[9] Moreover, McCarthy & Holthus is excluded from the FDCPA's definition of debt collector because Plaintiffs do not allege the mortgage was ever in default, especially at the time it was obtained. *See Ruiz*, 2020 WL 1479583, at *6–7 (finding plaintiffs failed to adequately allege attorney was an FDCPA debt collector because they did not allege the debt was in default when it

---

[9] To the extent Plaintiffs allege McCarthy & Holthus is a debt collector under the FDCPA because it regularly engages in nonjudicial foreclosure proceedings, this alone is insufficient. *See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019).

was obtained); *Sheddy v. JPMorgan Chase Bank, N.A.*, No. 12-CV-2804, 2013 WL 5450288, at *4 (N.D. Tex. Sept. 30, 2013) (same); *Welch*, 2012 WL 13047695, at *4 (same).

The Foreclosure Notice—which states McCarthy & Holthus *may* be deemed a debt collector under the FDCPA (Dkt. No. 13-1)—does not require the Court to find Plaintiffs' allegations sufficient. In fact, this notice would not be sufficient even if it stated McCarthy & Holthus *was* a debt collector under the FDCPA. *See Garrett v. BNC Mortg., Inc.*, 929 F. Supp. 2d 1120, 1127 (D. Colo. 2013) ("[T]he fact that an entity identifies itself as a debt collector, or tells a consumer that it is attempting to collect a debt, is not sufficient on its own to bring that entity within the purview of the FDCPA."); *Caires v. JP Morgan Chase Bank, N.A.*, 880 F. Supp. 2d 288, 306 (D. Conn. 2012) ("[M]erely announcing that one is a FDCPA debt collector does not make you one.") (quotations omitted). And the Foreclosure Notice here is fundamentally different than the notices in the case cited by Plaintiffs, *Hunt v. BAC Home Loans Servicing, LP*, No. 11-CV-261, 2012 WL 219330 (S.D. Tex. Jan. 24, 2012), because it does not state the exact amount owed or outline particular ways to remedy the default status of the loan. The Foreclosure Notice does not make McCarthy & Holthus a debt collector under the FDCPA.

Second, even if the allegations were sufficient to qualify McCarthy & Holthus as an FDCPA debt collector, Plaintiffs make no allegations as to the other requirement of a third-party debt collector under the TDCA: that the firm has non-attorney employees who are regularly engaged to collect debts or who regularly make contact with debtors for debt collection purposes. *See* TEX. FIN. CODE § 392.001(7). Thus McCarthy & Holthus is not a third-party debt collector under the TDCA based on the facts alleged even if it is a debt collector under the FDCPA. *See Ruiz*, 2020 WL 1479583, at *8 (finding attorney was not a third-party debt collector under the TDCA because plaintiffs did not allege she had non-attorney employees who regularly engaged in

debt collection). Because Plaintiffs fail to allege McCarthy & Holthus is a debt collector or third-party debt collector under the TDCA, the TDCA claims should be dismissed under Rule 12(b)(6).

## IV.    LEAVE TO AMEND

Plaintiffs request leave to amend the complaint should their claims be dismissed, arguing they can cure any deficiencies Defendants identify. (Dkt. No. 22 at 5–6; Dkt. No. 31 at 6–7.) Both Chase and McCarthy & Holthus argue Plaintiffs' claims should be dismissed with prejudice and without leave to amend because Plaintiffs were made aware of the pleading deficiencies by previous briefing and already amended their complaint. (Dkt. No. 23 at 4–5; Dkt. No. 29 at 10.) Given the liberal standards governing leave to amend, the Court finds Plaintiffs should be granted one final opportunity to amend their complaint.

Rule 15 of the Federal Rules of Civil Procedure directs courts to "freely give leave [to amend the pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). In fact, courts in the Fifth Circuit must entertain a presumption in favor of leave to amend. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). In view of the consequences of dismissal and the preference to decide cases on the merits, granting leave to amend is "especially appropriate when the trial court has dismissed the complaint for failure to state a claim." *Great Plains Tr. Co.*, 313 F.3d at 329 (quotations and alterations omitted). Leave to amend is not automatic, however, and courts have discretion to deny leave in the face of undue delay, bad faith, repeated failure to cure deficiencies, prejudice, and futility of amendment. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005).

Here, it is true that Plaintiffs were aware of many grounds for dismissal before they filed their amended complaint. For example, Chase did argue in its original motion to dismiss that Plaintiffs' conversion claim should be dismissed because it contained only vague allegations as to

the three negotiable instruments at issue. (Dkt. No. 3 at 9.) However, Chase did not previously brief Plaintiffs' breach of contract claim. Similarly, Chase did argue in its notice of removal that Plaintiffs' claims against McCarthy & Holthus were barred by attorney immunity. (Dkt. No. 1 at 5–6.) However, Chase did not previously brief the attorney immunity doctrine as it relates to the TDCA or whether McCarthy & Holthus meets the definition of debt collector under the TDCA. Furthermore, the Court found that Plaintiffs' claims against Chase and McCarthy & Holthus fail primarily because they do not include sufficient factual detail. Plaintiffs assert they can now include additional facts about the negotiable instruments at issue and McCarthy & Holthus's status as a debt collector under the TDCA. (Dkt. No. 22 at 5–6; Dkt. No. 31 at 6–7.)

The Court finds it appropriate under these circumstances to give Plaintiffs an opportunity to amend the pleadings. *See, e.g.*, *Chavez v. Freedom Mortg. Corp.*, No. 20-CV-522, 2021 WL 327703, at *4 (W.D. Tex. Feb. 1, 2021) (granting leave to amend when breach of contract claim was dismissed for failure to identify a particular contract provision breached), *report and recommendation adopted*, 2021 WL 8053490 (Feb. 26, 2021); *Cobb v. Ocwen Loan Servicing, LLC*, No. 11-CV-561, 2012 WL 13162834, at *11 (E.D. Tex. June 27, 2012) (granting leave to amend when TDCA claims were dismissed for failure to adequately allege defendant was a debt collector). However, this should be Plaintiffs' last opportunity to amend.

## V.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiffs' Motion to Remand (Dkt. No. 8) be **DENIED**, Chase's Motion to Dismiss (Dkt. No. 16) be **GRANTED**, and McCarthy & Holthus's Motion to Dismiss (Dkt. No. 29) be **GRANTED**. The Court **FURTHER RECOMMENDS** Plaintiffs be given one final opportunity to amend their complaint.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on June 2, 2022.

Sam S. Sheldon
United States Magistrate Judge