**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EDWARD LEE SCARBROUGH AND CHERYL B. SLAID-SCARBROUGH, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:21-cv-03760 |
| JP MORGAN CHASE BANK, NA, AMERICAN FEDERATED MORTGAGE CORPORATION, AND MCCARTHY & HOLTHUS, LLP, | § § § § | |
| Defendants. | § § | |

**DEFENDANT MCCARTHY & HOLTHUS, LLP'S MOTION TO DISMISS**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant McCarthy & Holthus, LLP ("McCarthy Holthus") files this Motion to Dismiss with prejudice Plaintiffs Edward Lee Scarborough and Cheryl B. Slaid-Scarbrough's ("Plaintiffs") claims for Injunctive Relief, Declaratory Relief, violation of the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq*. ("TDCA"), and conspiracy, stated in the Second Amended Complaint (Doc. 39), on grounds of failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and the attorney immunity doctrine.

**INTRODUCTION**

This case arises from a simple attempted foreclosure pursuant to a deed of trust and foreclosure statute. Plaintiffs merely reiterate the exact allegations of the First Amended Complaint (Doc. 13) that the Court has already found to be deficient to support a claim for relief

under the TDCA, namely that McCarthy Holthus sent a notice of foreclosure sale that allegedly admits McCarthy Holthus is debt collector and that allegedly invited repayment of a debt (Docs. 37-38). Knowing that that TDCA claim will again similarly fail on these stated allegations, Plaintiffs add a claim for conspiracy. The allegations are however also similarly deficient to support a claim for conspiracy because conspiracy requires an underlying tort and the allegations do not support an underlying tort against any party, under either the TDCA or the FDCPA, to the extent those claims are the underlying torts. As hard as Plaintiffs try, the allegations do not fit any claim for relief. Rather, the allegations support the unavoidable conclusion that the parties were acting according to powers granted under a deed of trust and state statutes. Without any underlying substantive claims, the claim for injunctive and declaratory relief also consequently fail. The Second Amended Complaint further demonstrates that granting leave to amend would be futile. The Court should thus dismiss the Second Amended Complaint with prejudice.

## PLAINTIFFS' ALLEGATIONS

As the Court is already aware from the background section of the Memorandum and Recommendation (Doc. 37), Plaintiffs are mortgagors of the property located at 3007 River Forest Drive, Richmond, Fort Bend County, Texas. (Doc. 39 at 7-9.) On August 26, 2008, they executed a note payable to American Federated in the principal amount of $749,950 that was later assigned and serviced by JP Morgan Chase Bank, NA ("Chase"). (*Id.*)

As with the First Amended Complaint, Plaintiffs again allege that they paid off the mortgage via a private bill of exchange and that the value received was not credited to Plaintiffs' account. (*Id.* ¶¶ 11-18.) Plaintiffs claim that the account was "satisfied" but Chase placed Plaintiffs' account in "default status" and then "conspired" with McCarthy Holthus to collect on the account by threating to foreclose on the property. (*Id.*)

2

Specifically, the allegations as to McCarthy Holthus are exactly the same as in the First Amended Complaint. Again, Plaintiffs again allege that they received notice of substitute trustee sale of the property for November 2, 2021. (*Id.* ¶ 19). The notice did not state the amount of the debt owed but invited payment arrangements to be made on the debt. (*Id.*; Doc. 39-8.) Plaintiffs also again allege that McCarthy Holthus "avoided" communicating with Plaintiffs' counsel regarding the debt. (*Id.* ¶ 20.) This caused Plaintiffs to file a lawsuit to stop the foreclosure. (*Id.* ¶ 20.) Perhaps the only new allegation is that McCarthy Holthus was paid "fees" for its legal representation of Chase and the debt collection and foreclosure efforts engaged in on behalf of Chase. (*Id.* ¶ 22.)

Based on these reiterated allegations, Plaintiffs request injunctive and declaratory relief, and state claims for TDCA violation and conspiracy. The Second Amended Complaint repeats the same allegations against McCarthy Holthus that the Court has already found to be deficient. This conclusively demonstrates that Plaintiffs cannot amend the complaint to state claims against McCarthy Holthus, and the Second Amended Complaint must be dismissed with prejudice.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In conjunction with Rule 12(b)(6), Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must state a ground for relief that is beyond mere labels and conclusions and formulaic recitation of the causes of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). The allegations of the complaint must show more than a mere possibility of misconduct, and must allege facts that raise a right to relief above

a speculative level. *Twombly*, 550 U.S. at 555 (2007). A complaint will not "suffice if it tenders 'naked assertions' devoid of further factual enhancement." *Id.* at 557. The Complaint suffers from these exact deficiencies of conclusory statements, naked assertions, and factual insufficiency. Plaintiffs cannot overcome these legal deficiencies, and the claims must be dismissed with prejudice.

## ARGUMENT

### A. **The TDCA Claim Must Be Dismissed With Prejudice.**

Plaintiffs again base their TDCA claim on the conclusory allegation that McCarthy Holthus "regularly engages in debt collection activities," (Doc. 39 ¶ 46), and the deficient allegation that its foreclosure notice admits it is a debt collector and invited repayment of the debt (*Id.* ¶ 41). (Doc. 37 at 19.)[1] The Court has also already found that McCarthy Holthus is neither a "debt collector" nor a "third-party" debt collector under the TDCA on these exact allegations. (Doc. 37 at 19.)

Again, the foreclosure notice of sale is the sole basis of Plaintiff's entire claims against McCarthy Holthus. This notice of sale however demonstrates that it was sued solely in its capacity as a substitute trustee at a foreclosure sale. Tex. Prop. Code § 51.002(b)(3) requires a notice of trustee sale be sent to the borrower: service of "written notice of sale by certified mail on each debtor…." Tex. Prop. Code § 51.002(b)(3).[2] Thus, McCarthy Holthus was exercising statutory and contractual powers of sale on behalf of its client granted under section 51.002(b)(3) of the Texas Property Code when it sent the notice.

---

[1] Plaintiff incorporates part B of the Argument Section of its Motion to Dismiss the First Amended Complaint (Doc. 29 at 5-9.)
[2] Plaintiff incorporates the arguments from it Reply in Support of its Motion to Dismiss First Amended Complaint. (Doc. 32).

Further, to the extent Plaintiffs state that McCarthy Holthus was paid legal fees for its "foreclosure efforts" to support it acts as a debt collector when it acts as a substitute trustee executing a nonjudicial foreclosure sale on behalf of a client, the Supreme Court has already ruled this conduct in insufficient to constitute debt collector status under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)6) and the TDCA. *See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019).

As McCarthy Holthus is not a debt collector under the TDCA and was sued solely in its capacity as a substitute trustee at a foreclosure sale, *(id.* ¶ 20), the attorney-immunity doctrine applies.[3] Again, courts have extended the attorney-immunity doctrine to include attorneys bringing foreclosure proceedings on behalf of their clients. *Pierson v. Reverse Mortg. Sols. Inc.*, No. 3:21-CV-3146-S-BN, 2022 WL 585154, at *5 (N.D. Tex. Feb. 8, 2022); *Daniels v. Saucedo*, No. MO: 21-CV-101-DC, 2021 WL 6495244, at *4 (W.D. Tex. Nov. 17, 2021); *Haynes and Boone*, *LLP v. NFTD, LLC*, 631 S.W.3d 65, 74 (Tex. 2021); *Burke v. Ocwen Loan Serv.*, LLC, 855 F. App'x 180 (5th Cir. 2021); *Villanueva v. Wells Fargo Home Mortgage*, No 4:16-CV-320, 2016 WL 3917641, at *2 (E.D. Tex. Jul. 20, 2016) ("Attorney immunity 'has been extended to include attorneys bringing foreclosure proceedings on behalf of their clients.'"); *Bitterroot Holdings, LLC v. MTGLQ Inv'r, L.P.*, No. 5:14-CV-862, 2015 WL 363196, at *4-5 (W.D. Tex. Jan. 27, 2015) ("Under Texas law, legal counsel for a mortgage servicer with authority to service a mortgage may deliver notices of default and foreclosure proceedings in the course of its legal representation of the servicer."); *see also Gipson v. Deutsche Bank Nat'l Trust Co.*, No 3:13-CV-4820-L, 2015 WL 2079514, at *7 (N.D. Tex. May 4, 2015) ("Representing a mortgagee by

---

[3] Plaintiff incorporates part A of the Argument Section of its Motion to Dismiss the First Amended Complaint (Doc. 29 at 3-5.

initiating foreclosure proceedings and filing a foreclosure action against a defaulting homeowner clearly falls within the scope of an attorney's duties in representing his client.").

Given that the attorney-immunity doctrine was specifically extended to include attorneys bringing foreclosure proceedings on behalf of their clients and that Plaintiffs' claims are wholly based on McCarthy Holthus's actions as a substitute trustee in foreclosure proceedings on behalf of its client Chase, Plaintiffs' claims are wholly barred by the doctrine. On this basis alone, Plaintiffs' claims against McCarthy Holthus should be dismissed with prejudice.

B. **The Claim for Conspiracy Must Be Dismissed with Prejudice.**

Plaintiffs newly stated claim for civil conspiracy must similarly fail. To establish civil conspiracy, Plaintiffs must establish the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as a proximate result." *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Further, the plaintiff must establish that the alleged parties participated in an underlying tort. *See Smith v. Mae*, 2011 WL 13324192, at *12 (W.D.Tex., 2011) ("As conspiracy is a derivative tort, to prevail on a civil conspiracy claim, plaintiffs must establish that at least one defendant is also liable for some underlying tort."); *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *Zurita v. Lombana*, 322 S.W.3d 463, 482 (Tex. App.–Houston [14th Dist.] 2010, no pet.). Plaintiffs have not established by any evidence that any party participated in any underlying tort. As previously discussed, Plaintiff fails to state claims under the TDCA and the FDCPA. The claim for civil conspiracy thus must be dismissed with prejudice.

C. **The Injunctive or Declaratory Relief Claims Must Be Dismissed with Prejudice.**

As Plaintiffs do not have a plausible underlying legal claim in the TDCA or conspiracy, Plaintiffs are not entitled to injunctive or declarative relief.[4] To reiterate, under Texas and federal law, injunctive and declaratory relief must be supported by stated causes of actions. *See Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *7 (E.D. Tex. March 24, 2011); *Cook v. Wells Fargo Bank*, N.A., 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (*citing Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)); *Sledge v. JP Morgan Chase Bank, NA.*, No. SA:13–cv–797–XR, 2014 WL 51169, at *5 (W.D. Tex. Jan. 7, 2014). Here, the substantive causes of action under the TDCA and conspiracy fail because it is either barred by the attorney-immunity doctrine, or insufficiently pleaded. Thus, the claims for declaratory and injunctive relief must also be dismissed with prejudice.

D. **Leave to Amend Should Be Denied**

Although a court should give free leave to amend a complaint, a court should deny leave to amend if amendment would be futile. *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872 (5th Cir. 2000). It is clear that leave to amend would be futile. After being given leave to amend, Plaintiffs have not alleged and cannot allege that McCarthy Holthus was acting in any capacity other as a substitute trustee enforcing a deed of trust and complying with state foreclosure statute when the notice of sale was sent. "Vague allegations" that a party somehow "acquired a mortgage, acted a 'Trustee,' and made demands for payment… are not enough to rise a right to relief above the speculative level" and dismissal with prejudice is proper under Rule 12(b)(6). *Malveaux v. Litton Loan Servicing*, 2011 WL 1211355, at *3 (N. D. Tex., 2011). Leave to amend

---

[4] Plaintiff incorporates part C of the Argument Section of its Motion to Dismiss the First Amended Complaint (Doc. 29 at 9-10).

has already been demonstrated to be futile, and the Court would be within its discretion to dismiss the Second Amended Complaint with prejudice.

## CONCLUSION

WHEREFORE, McCarthy & Holthus, LLP requests that the Court grant this Motion to Dismiss Plaintiffs' Second Amended Complaint with prejudice, and further requests all other relief so justly entitled.

Respectfully submitted,

MCCARTHY & HOLTHUS, LLP

/s/ Ramona Ladwig
Ramona Ladwig / SBN: 24092659
Attorney-in-Charge
rladwig@McCarthyHolthus.com
Cole Patton / SBN: 24037247
1255 West 15th Street, Suite 1060
Plano, Texas 75075
Phone: 214.291.3800
Fax: 214.291.3801

*Attorneys for Defendant*
*McCarthy & Holthus, LLP*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all parties of record via CM/ECF on August 12, 2022.

/s/ Ramona Ladwig
Ramona Ladwig