IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD LEE SCARBROUGH AND | § | |
| CHERYL B. SLAID-SCARBROUGH | § | |
|    *Plaintiffs* | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 4:21-CV-03760 |
| JPMORGAN CHASE BANK, NA, | § | |
| AMERICAN FEDERATED MORTGAGE | § | |
| CORPORATION, AND | § | |
| MCCARTHY & HOLTHUS LLP, | § | |
| | § | |
|    *Defendants* | § | |

---

## SCARBROUGHS' RESPONSE TO DEFENDANT, JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS SCARBROUGHS' SECOND AMENDED COMPLAINT

---

John F. Sullivan III
Attorney-in-Charge
Texas Bar No. 19485010
Federal I.D. No. 9761
john@sullivanlawiii.com
**The Law Office of John F. Sullivan III, PLLC**
1306 Bobbitt Manor Lane
Houston, TX 77055
(281) 302-9363

**ATTORNEY FOR PLAINTIFFS**

---

# **TABLE OF CONTENTS**

I.   Nature and Stage of Proceedings ............................................................... 1

II.  Issue to be Ruled on by the Court and Standard of Review ...................... 2

   A.  Issue ..................................................................................................... 2

   B.  Standard of Review .............................................................................. 3

III. Summary of Argument ............................................................................... 5

IV.  Plaintiffs' Second Amended Complaint Meets the Requirements of Rule 8(a) and Has Facial Plausibility ........................................................................................... 8

   A.  Plaintiffs have stated a plausible claim for breach of contract by Chase ............................ 8

   B.  Plaintiffs have stated a plausible claim for money had and received ................................ 9

   C.  Plaintiffs have stated a plausible claim for declaratory relief ........................................... 11

   D.  The Bills of Exchange had value ....................................................... 12

V.   Summary ..................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..................................................................................3, 4, 5

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)...................................................................... *passim*

*Body by Cook, Inc. v. State Farm Mut. Auto. Ins.,*
869 F.3d 381 (5th Cir.2017) .......................................................................3

*Clark v. Amoco Prod. Co.,*
794 F.2d 967 (5th Cir. 1986) ......................................................................4

*In re Cobalt Int'l Energy, Inc.,*
CV H–14–3428, 2016 WL 215476 (S.D. Tex. Jan. 19, 2016) (Atlas, J.)................10

*Collins v. Morgan Stanley Dean Witter,*
224 F.3d 496 (5th Cir. 2000) ..................................................................3, 5

*Cuvillier v. Taylor,*
503 F.3d 397 (5th Cir. 2007) ......................................................................4

*Doe v. Columbia-Brazoria ISD,*
855 F.3d 681 (5th Cir.2017) ........................................................................5

*Erickson v. Pardus,*
551 U.S. 89 (2007).......................................................................................5

*European Asian Bank, A.G. v. G. Crohn & Co.,*
769 F.2d 93 (2d Cir. 1985)........................................................................13

*Foley v. Wells Fargo Bank,*
772 F.3d 63 (1st Cir.2014).....................................................................4, 5

*Koomin Bank v. B.G. Fashion, Inc.,*
No. 99 CIV. 8622 (RLE), 2000 WL 1880315 (S.D.N.Y. Dec. 28, 2000) ...............14

*McElroy v. Chase Manhattan Mortgage Corp.,*
134 Cal. App. 4th 388, 36 Cal. Rptr. 3d 176 (2005)................................13

*Mitchell v. Tarrant Cnty Court at Law #1,*
770 Fed. App'x 701 (5th Cir. 2019)3 .....................................................13

*Monroe v. Beard*,
    536 F.3d 198 (3d Cir. 2008)................................................................................13

*N. Am. Stainless v. PNC Bank, Ky., Inc.*,
    229 F.3d 1153 (6th Cir. 2000) ...........................................................................14

*Neitzke v. Williams*,
    490 U.S. 319 (1989)........................................................................................4, 8

*Plains Exploration and Production Co. v. Torch Energy Advisors, Inc.*
    473 S.W.3d 296 (Tex. 2015)...............................................................................9

*Precision Drilling Co. v. Crum & Forster Ins. Co.*,
    NO. 4:21-CV-00570, 2021 WL 4820670 (S.D. Tex. Oct. 15, 2021) ....................11

*Proteus Books Ltd. v. Cherry Lane Music Co., Inc.*,
    873 F.2d 502 (2d Cir. 1989)..............................................................................14

*U. S. ex rel. Riley v. St. Luke's Episcopal Hosp.*,
    355 F.3d 370 (5th Cir. 2004) ..............................................................................4

*Southwestern Electric Power Co. v. Burlington Norther Railway Company*,
    966 S.W. 2d 467 (Tex. 1971)..............................................................................9

*Spivey v. Robertson*,
    197 F.3d 772 (5th Cir. 1999) ..............................................................................4

*Staats v. Miller*,
    243 S.W. 2d 686 (Tex. 1951)..............................................................................9

*State Chemicals, Inc. v. Western Organics, Inc.*,
    83 S.W.3d 189 (Tex. App.- Amarillo 2002, pet. denied) ...............................8, 10

*Taylor v. Trevino*,
    569 F. Supp. 3d 414 (N.D. Tex. 2021) ..............................................................10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)......................................................................................4, 8, 9

*Turner v. Pleasant*,
    663 F.3d 770 (5th Cir. 2011) ..............................................................................5

*Williams v. Dayton Water*,
    158 N.E.3d 654 (Ct. App. Ohio 2020)................................................................13

**Statutes**

Cornell Law (https://www.law.cornell.edu/wex/bill_of_exchange)................................13

Federal Reserve Act 12 USC §353 and 358
(https://www.federalreserve.gov/aboutthefed/section14.htm)................................13

Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code §§ 37.002, et seq. ...................11

**Other Authorities**

77 A.L.R. 5th 429 .................................................................................................13

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND
PROCEDURE § 1357 (3d ed. 2021)..............................................................3

Fifth Circuit Rule 47.5.4 ...................................................................................13

Fed. R. Civ. P. 8(a)(2)..........................................................................................3, 8

FRCP 8(a) .......................................................................................................2, 3, 5, 8

FRCP 12(b)(6) ........................................................................................ *passim*

Rule 12b6 ..........................................................................................................10

Rule 41(a)(1)(A)(i)...............................................................................................2

Plaintiffs, Edward Lee Scarbrough and Cheryl B. Slaid-Scarbrough (collectively, the "Scarbroughs"), file this Response to the Motion to Dismiss filed by Defendant, JPMorgan Chase Bank, N.A. ("Chase").

## I.        NATURE AND STAGE OF PROCEEDINGS

On November 1, 2021, the Scarborough's filed a lawsuit in Fort Bend County, Texas against Chase, American Federated Mortgage Corporation and the law firm of McCarthy & Holthus, LLP[1] to prevent a wrongful foreclosure on their homestead.  On November 17, 2021 Chase removed the case to this District Court. (Dkt. No. 1)  On December 7, 2021 Chase filed a Motion to Dismiss Scarbroughs' Original Petition pursuant to Federal Rule of Procedure (FRCP) 12(b)(6) (Dkt. No. 3)  On December 16, 2021, the Scarbroughs filed a Motion to Remand. (Dkt. No. 8)  On December 16, 2021, the Scarbroughs filed a First Amended Complaint. (Dkt. No. 13) On January 11, 2022, Chase filed a Motion to Dismiss Scarbrough's First Amended Complaint pursuant to FRCP 12(b)(6). (Dkt. No. 16)

On January 11, 2022, the Honorable Charles Eskridge recused himself, and the case was reassigned to Chief Judge Lee H. Rosenthal.  (Dkt. No. 20)  On January 28, 2022, 2022, Judge Rosenthal entered an Order referring all nondispositive pretrial matters to United States Magistrate Judge Sam S. Sheldon for determination.  (Dkt. No.21)  On January 31, 2022, the Scarbroughs filed a Response to Chase's Motion to Dismiss the Scarbrough's Amended Complaint pursuant to FRCP 12(b)(6). (Dkt. No 22)

On June 2, 2022, Magistrate Judge Sheldon entered his Memorandum and Recommendation that Plaintiffs' Motion to Remand be denied and that Defendants' Motions to Dismiss pursuant to FRCP 12(b)(6) be granted but also recommending that Plaintiffs be given

---

[1] Plaintiffs were not able to obtain service on American Federated Mortgage Corporation.

leave to amend to satisfy the pleading requirement under FRCP 8(a).  (Dkt. No. 37)   On June 30, 2022, Judge Rosenthal entered an Order Adopting Memorandum and Recommendation and Granting Motions to Dismiss without prejudice and with leave to amend until July 29, 2022.  (Dkt. No. 38)   On July 29, 2022, Plaintiffs filed their Second Amended Complaint with affidavits and other exhibits.  (Dkt. No. 39)

On August 10, 2022, Chase filed a pre-motion letter to the Court, which was actually a six-page, single-spaced brief advocating for its "prospective" motion to dismiss Plaintiffs' Second Amended Complaint in violation of Judge Rosenthal's local rules.  (Dkt. No. 40).  On August 11, 2022, Chase also filed a Motion for Extension of Time to file a Motion to Dismiss Plaintiffs' Second Amended Complaint.  (Dkt. No. 41).  On August 11, 2022, Magistrate Judge Sheldon entered an Order granting Chase's Motion for Extension of Time to file its Motion to Dismiss. (Dkt. No. 42)  On August 15, 2022, Plaintiffs filed an Objection to Chase's pre-motion letter/ brief for violating Judge Rosenthal's local rules.  (Dkt. No. 45)

On August 22, 2022, Chase filed its Motion to Dismiss Plaintiffs' Second Amended Complaint. (Dkt. No. 46)   On August 31, 2022, Plaintiffs filed a Notice of Dismissal as to Defendant McCarthy & Holthus, LLP pursuant to Rule 41(a)(1)(A)(i).   (Dkt. No. 47) On September 1, 2022, Chase filed a Motion to Stay Discovery, Modify Scheduling Order and Extend Time to Respond to Plaintiffs' Written Discovery Requests. (Dkt. No. 48).   Plaintiff now files this Response to Chase's Motion to Dismiss Plaintiff' Second Amended Complaint.

## II.      ISSUE TO BE RULED ON BY THE COURT AND STANDARD OF REVIEW

### A.      Issue

Do the factual allegations in Plaintiffs' Second Amended Complaint plausibly suggest a claim for relief against Chase?

### B.   Standard of Review

Courts must read Rule 12(b)(6) in conjunction with the pleading standard under Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court must consider the factual allegations in the complaint to determine if they plausibly suggest a claim for relief. *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir.2017).  Thus, the United States Supreme Court has interpreted Rule 8(a)(2) to require only "facial plausibility" in the pleadings.  *Id.* Facial plausibility simply requires that the court can reasonably infer from the pleadings that a defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 67 (citing *Twombly*, 550 U.S. at 556).  Indeed, the complaint does not need detailed factual allegations to survive a 12(b)(6) motion; instead, it need only provide the "grounds" of a plaintiff's "entitlement to relief."  *Twombly*, 550 U.S. at 555.

In considering Chase's Motion to Dismiss, this Court must liberally construe the pleadings in favor of the Scarbroughs, and all facts pleaded must be taken as true.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In considering a Rule 12(b)(6) motion to dismiss, a court takes as true all the facts pleaded in the complaint, even if they are doubtful in fact."). Though the Court should disregard conclusory statements, "it remains the case that the question on a motion to dismiss under Rule 12(b)(6) is whether in the light most favorable to the plaintiff and with every doubt resolved in the pleader's favor . . . the complaint states any legally cognizable claim for relief."  Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2021); *see also Collins*, 224 F.3d at 498 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)); *Twombly*, 550 U.S. at 555–56.  At this stage,

courts do not evaluate a plaintiff's likelihood of ultimate success. *See U. S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

"[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When there are nonconclusory factual allegations, the court must assume that they are true and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal,* 556 U.S. at 679; see also *Foley v. Wells Fargo Bank*, 772 F.3d 63, 71–72 (1st Cir.2014).

If the factual allegations are plausible, the court cannot decide disputed fact issues—that is, the court must assume that all plausible facts contained in the complaint are true. See *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Twombly*, 550 U.S. at 555–56;  see also *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (FRCP 12(b)(6) does not permit dismissal based on judge's disbelief of complaint's factual allegations).

"The plausibility standard is not akin to a 'probability requirement." *Iqbal*, 556 U.S. 662, 678 (2009). "Even if it seems 'almost a certainty to the court that the facts alleged cannot be proved to support the legal claim,' the claim may not be dismissed so long as the complaint states a claim." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

When ruling on a Rule 12(b)(6) motion, courts typically look only to the face of the complaint in evaluating the Plaintiff's pleaded facts and whether relief should be granted. *Spivey v. Robertson*, 197 F.3d 772 (5th Cir. 1999).  The Fifth Circuit, however, has held that a court may additionally consider documents that are central to the plaintiff's claim and referred to the in

complaint in determining the sufficiency of the pleadings under Rule 12(b)(6). *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Courts rarely grant motions to dismiss under Rule 12(b)(6) and generally view them with disfavor. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

## III.       SUMMARY OF ARGUMENT

Chase's Motion to Dismiss (Doc. No. 46) fails because Plaintiffs' Second Amended Complaint (Doc. No. 39) meets the pleading requirements under Federal Rule of Civil Procedure 8(a) and the standards adopted by U.S. Supreme Court for fair notice pleadings.  Plaintiffs' Second Amended Complaint provides fair notice of their claims against Chase by including allegations that outline the elements of the claim and specific factual allegations in support. (Doc. No. 39) The court may only dismiss under FRCP 12(b)(6) if the plaintiff has not provided both fair notice of the nature of the claim and plausible factual allegations to support the claim. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 & n.3 (2007); *Doe v. Columbia-Brazoria ISD*, 855 F.3d 681, 685–86 (5th Cir.2017); *Foley v. Wells Fargo Bank*, 772 F.3d 63, 71–72 (1st Cir.2014).

Despite Chase's conclusory arguments and rhetoric to the contrary, the Complaint now sets forth its claims and supporting facts upon which relief may be granted against Chase with particularity and even includes supporting evidence.    Chase's Motion to Dismiss (Doc. No. 46), takes issues with the facts pleaded and goes beyond the pleadings to try to disprove the facts alleged.  *Id.*  Those arguments fail as a matter of law at this stage of the proceedings because the Court *must* accept all of Plaintiff's factual allegations as true. *Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

In a nutshell, Plaintiffs' have alleged, *inter alia*:

- On January 22, 2019, Plaintiffs executed and sent by priority mail two Private Bills of Exchange in favor of Morgan Chase Bank, N.A. in the amounts of $400,000.00 US each expressly for the discharge of their Mortgage Obligation.  (Doc. No. 39 at 3 ¶ 12)

- Chase Bank received both Bills of Exchange on January 23, 2022 and accepted them.  That is, Chase Bank did not return either Bill of Exchange to Plaintiffs as an unacceptable form of payment. (*Id*. at 4 ¶15)

-  Not only did Chase Bank accept both Bills of Exchange, but it also packaged them with other securities and traded them into the financial market in return for significant value. (*Id*. at 5-6 ¶¶ 13-18)

- Despite this, Chase Bank failed to take the value it received from trading Plaintiffs' Bills of Exchange and apply it to either eliminate or reduce the Plaintiffs' indebtedness on the Mortgage Loan.  (*Id.* at 6 ¶18)

- Per affidavits attached to the Complaint and the CUSIP numbers assigned to the Bills of Exchange, it is undisputed that Chase Bank traded them into the financial markets where they continue to circulate and be traded.  (Id. at 4-5 ¶¶15-17.) [2]

Plaintiffs assert causes of action against Chase for *inter alia* breach of contract (the Deed of Trust), for moneys had and received and for declaratory relief.  (*Id*. 9-13).  Chase's central position for its Motion to Dismiss is not that it does not have fair notice of Plaintiffs' claims but that:

> "The bills of exchange demonstrate they are legally insufficient to deliver to Chase any amount. Thus, any claim premised on Plaintiffs' erroneous contention that the bills of exchange satisfied or reduced the debt lacks plausibility and must be dismissed." (Dkt. No. 46 at 7.)

This argument fails for several reasons—first and foremost because Chase in fact accepted the financial instruments and then traded each of them into the financial markets for value.  Not only do Plaintiffs clearly allege these facts, which must be taken as true, but also, Chase has tacitly admitted these facts by never denying them in any pleadings or even in its motion.  In addition,

---

[2] Plaintiffs also allege among other things that Chase Bank added unauthorized charges and fees to Plaintiffs' Mortgage Loan balance even before receiving the Bills of Exchange.  Id, p. 3 ¶ 10.

Plaintiffs have attached evidence in the form of affidavits and documents to its Second Amended Complaint to support these allegations.  (Doc. No. 39)

In addition, Plaintiffs' argument that the Bills are invalid and are not even legal tender fails because it would require the Court to go well beyond the Plaintiffs' pleadings and compare these instruments to other instruments that have been accepted in commerce and upheld by courts and also against those that have been rejected by courts.  There is no question that Bills of Exchange are a financial instrument that are commonly used and accepted in commerce. Cf. §IV.D, *infra.* Chase tries to denigrate Plaintiffs' Bills of Exchange in the Court's eyes by equating them to Bills of Exchanges that have been rejected by other courts on the "redemptionist theory". (Dkt. No. 46 at 5-7)  Not only are Plaintiffs' Bills of Exchange factually and legally distinct from those found by the Court to not offer any value under the redemptionist theory, Chase even concedes that it is speculating when making the assertion:   "*Although not entirely clear*, Plaintiffs' bills of exchange *appear to be* based on the redemptionist theory, which the Fifth Circuit determined is "legally unfounded [Cites omitted]". *Id* at 6.  Importantly, in every case that Chase cites for the proposition that the Plaintiffs' Bills of Exchange are not legal tender and could convey no value, the payee rejected the instrument.  Here, Chase accepted the financial instruments and traded them in the financial markets for value.

The only question therefore is "how much value did Chase receive for the bills?"  This will ultimately be determined through discovery and expert witness opinions.  Regardless, whether Chase received $800,000.00 when it traded the bills of exchange or only $1,000.00, it still had a contractual duty under the Deed of Trust to apply that value toward Plaintiffs' Mortgage Loan account.  Per the clear allegations in Plaintiffs' Complaint, Chase did not do that.  Chase's

wrongdoing under these asserted facts, taken as true, easily implies wrongdoing on the part of Chase.

Chase's other arguments also fail.  For example, it asserts that Plaintiffs' money had and received claim fails because 1. It did not receive value[3] for them, and 2. Plaintiff's claims are barred by the statute of limitations.  Point one fails per the above discussion. Point two fails because 1.  the statute of limitation for a money had and received claim in Texas is four years, not two years, and because it would require a factual determination as to when Plaintiffs knew or had reason to know they that they had a "money had and received" claim against Chase.  Factual determinations are inappropriate for the Court's determination of a Motion to Dismiss under FRCP 12(b)(6).  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Twombly*, 550 U.S. at 555–56;  see also *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

## IV.     PLAINTIFFS' SECOND AMENDED COMPLAINT MEETS THE REQUIREMENTS OF RULE 8(A) AND HAS FACIAL PLAUSIBILITY

The Scarbrough's Second Amended Complaint meets the pleading requirements under FRCP 8(a)(2) and also provides the grounds of their entitlement to relief against Chase that have facial plausibility to allow the Court to infer that Chase is liable for the misconduct alleged.  The Scarbroughs have met their burden in alleging plausible claims for breach of contract, money had and received, and for declaratory relief.

### A.      Plaintiffs have stated a plausible claim for breach of contract by Chase

---

[3] Chase also argues that it did not receive "money" and the claim fails as a matter of law.  A "money had and received" claim may be based upon financial instruments that convey value to the recipient.  *State Chemicals, Inc. v. Western Organics,    Inc.,* 83    S.W.3d    189,    194–95    (Tex.    App.-    Amarillo    2002,    pet.    denied).

As alleged in Plaintiffs' Second Amended Complaint, Chase had a duty under the Deed of Trust to apply all payments it received to the credit of the Plaintiffs' Mortgage Loan account. (Dkt. No. 39 at 10-11 ¶¶ 27-31). Chase's argument in its 12b6 motion is that the Private Bills of Exchange it received were not proper forms of payment and had no value as a matter of law. (Dkt. No. 46 at 7). Chase had the right to return the instruments to Plaintiffs and demand a different form of payment. (Dkt. No. 39 at 11 ¶¶ 29-30). Chase, however, did not reject the Bills of Exchange and demand a different form of payment. *Id.* Rather, it accepted them and traded them into the financial markets for value. *Id.*

Plaintiffs have also alleged that Chase applied unauthorized charges and fees to Plaintiffs' Mortgage Loan account. (Id at 11-12 ¶ 31). Plaintiffs refer to several examples of ostensibly improper charges to Plaintiffs' Mortgage Loan account. (7-9I at 11-12 ¶¶ 22-23). Chase attacks the allegations factually to try to explain away the noted discrepancies but that is improper since the Court cannot consider factual dispute but only whether the allegations, taken as true, plausibly state a basis for relief. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Twombly*, 550 U.S. at 555–56. If Chase has made unauthorized charges to Plaintiffs' account, as alleged, it will obviously be liable to Plaintiffs for breach of contract.

### B.     Plaintiffs have stated a plausible claim for money had and received

Texas law has long recognized a claim for money had and received if a defendant holds money that in equity and good conscience belongs to the plaintiff. *Plains Exploration and Production Co. v. Torch Energy Advisors, Inc*. 473 S.W.3d 296, 302 n. 4 (Tex. 2015). The cause of action is "less restrictive and fettered by technical rules than other causes of action." *Staats v. Miller,* 243 S.W. 2d 686, 687-88 (Tex. 1951). While a claim for moneys had and received cannot seek more than a contract specifies, it can claim a refund for amounts overpaid. *Southwestern*

*Electric Power Co. v. Burlington Norther Railway Company,* 966 S.W. 2d 467, 471 (Tex. 1971). "Money" for the purposes of claim for money had and received includes the equivalent of money. *State Chemicals, Inc. v. Western Organics, Inc.,* 83 S.W.3d 189, 194–95 (Tex. App.- Amarillo 2002, pet. denied). Regardless of labels, Texas recognizes common law claims for money had and received and restitution. Id.

In a nutshell, Plaintiffs have alleged a plausible cause of action for money had and received. Plaintiffs allege that Chase took the Plaintiffs' Bills of Exchange, traded them in the financial markets, got monetary value for them and did not apply that value to Plaintiffs' Mortgage Loan account or return it to Plaintiffs. (Dkt. No. 39 at 12-13 ¶¶ 34-35) It certainly was not Chase Bank's money or monetary value to keep for itself; otherwise it would represent a wrongful windfall.

Chase then tries to get the Court to inappropriately adjudicate its statute of limitations defense to the Plaintiffs' money had and received claim arguing that, as a matter of law, Plaintiffs filed this lawsuit more than two years after they had knowledge of the facts giving rise to this claim. ( Dkt. No. 46 at 10-11).

First, Chase does not tell the court that there is a split of authority in Texas and the more substantial authority is that the cause of action for money had and received is governed by a *four-year* statute of limitations. *Taylor v. Trevino,* 569 F. Supp. 3d 414, 443 (N.D. Tex. 2021)("defendants have failed to meet their heavy burden to establish beyond peradventure that the Receiver's claim for money had and received is barred by either a two- or four-year statute of limitations."

In addition, statute of limitations defenses are inappropriate for a Rule 12b6 analysis because they are fact-specific and typically involve evidence outside the pleadings. *In re Cobalt Int'l Energy, Inc.,* CV H–14–3428, 2016 WL 215476, at *9 (S.D. Tex. Jan. 19, 2016) (Atlas, J.)

(citing *LC Capital Partners, LP v. Frontier Ins. Grp., Inc.,* 318 F.3d 148, 156 (2d Cir. 2003)("[d]etermining when a plaintiff has sufficient information for the limitations period to begin is often fact specific and inappropriate for a motion to dismiss pursuant to Rule 12(b)(6).").  The statute of limitations will turn on the date the Scarbrough's learned of facts giving rise to their money had and received which will ultimately be subject to discovery in the case but are certainly not appropriate consideration for a Rule 12(b)(6) motion to dismiss.

### C.    Plaintiffs have stated a plausible claim for declaratory relief

Plaintiffs have properly plead a claim for a declaratory judgment under the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code §§ 37.002, et seq. (Dkt. No. 39, 12-13 ¶¶ 38-39) There is an actual case or controversy regarding the value of the Bills of Exchange and whether Chase was obligated to credit Plaintiffs' Mortgage Loan Account.  *Precision Drilling Co. v. Crum & Forster Ins. Co.,* NO. 4:21-CV-00570, 2021 WL 4820670, at *2 (S.D. Tex. Oct. 15, 2021)(a declaratory judgment action is an appropriate method for determining rights under a contract; allowing this declaratory judgment to proceed furthers the Declaratory Judgment Act's goal.)

In *Ins. Distribution Consulting, LLC v. Freedom Equity Group, LLC* , the Plaintiff sought a declaration that "the contract between [it] and [defendant] is valid and enforceable and that [defendant] is obligated to make payments to [plaintiff].  (No. 3:20-CV-00096, 2020 WL 5803249, at *4 (S.D. Tex. Sept. 4, 2020), report and recommendation adopted, No. 3:20-CV-00096, 2020 WL 5802898 (S.D. Tex. Sept. 29, 2020).   The defendant moved to dismiss the plaintiff's declaratory judgment claim be dismissed under Rule 12(b)(6), claiming that it is duplicative of the breach of contract claim. Id.   The court, however, held declaratory judgment in this context is appropriate. Id. at *5.

Likewise, Plaintiffs have stated plausible claim for declaratory relief that should proceed to adjudication and not be dismissed on the pleadings.

### D.      The Bills of Exchange had value

The lynchpin of Chase's argument for its motion to dismiss is that the Bills of Exchange had no inherent value, are not negotiable instruments nor even legal tender. (Dkt. No. 46 at 7)  It is an ironic argument given that Plaintiffs have pleaded, provided proof, and Chase has not denied, that Chase traded the Bills of Exchange into the financial markets and received substantial value for them. (Dkt. No. 39)  Not only do Plaintiffs clearly allege these facts, which must be taken as true, but also, Chase has tacitly admitted these facts by never denying them in any pleadings or even in its motion.  In addition, Plaintiffs have attached evidence in the form of affidavits and documents to its Second Amended Complaint to support these allegations.  (Doc. No. 39)  The amount of money or equivalent monetary value Chase received without applying to Plaintiffs' Mortgage Loan account will ultimately be determined through discovery and by experts.

Notwithstanding this, Chase tries to impugn these particular Bills of Exchange by equating them to bills of exchange that have been rejected and even condemned by other courts under the "redemptionist theory". Plaintiffs' Bills of Exchange, however, are factually and legally distinct from those found by other courts to not have any value under the "redemptionist theory". Chase even concedes that it is speculating when making the assertion:   "*Although not entirely clear*, Plaintiffs' bills of exchange *appear to be* based on the redemptionist theory, which the Fifth Circuit determined is "legally unfounded [Cites omitted]".  (Dkt. No. 46 at 6)

Importantly, all the cases that Chase cites to impugn the Bills of Exchange are distinguishable from this case because in every case it cites, the payee did not accept the bill of exchange and trade it in the financial markets for value.

In *Williams v. Dayton Water*, 158 N.E.3d 654, 59 (Ct. App. Ohio 2020), the Court concluded that: "[Plaintiff] failed to state a claim against the City for failing to accept his purported international bills of exchange as payment for his water bills." (Emphasis added).   As stated repeatedly, in the case at bar, Chase Bank did accept the Plaintiffs' Private Bills of Exchange and traded them into the financial markets for value.   Although it was not necessary at this stage of the proceedings, Plaintiffs nonetheless attached proof of Chase Bank's actions to its Second Amended Complaint.

Likewise, *Mitchell v. Tarrant Cnty Court at Law #1*, 770 Fed. App'x 701 (5th Cir. 2019)3 is an unpublished opinion without precedential value to the case at bar under Fifth Circuit Rule 47.5.4.   It is only a few paragraphs long and does not describe the nature of the "financial instruments" involved.   Id.   That case involved a forcible entry and detainer proceeding and not a situation like the case at bar in which a mortgagor accepts Private Bills of Exchange from its mortgagees, trades them into the financial markets for value and does not credit Plaintiffs' mortgage account for any value it received.

Nor did the payees accept the bills of exchange and trade them for value in the *McElroy v. Chase Manhattan Mortgage Corp.*, 134 Cal. App. 4th 388, 392-93, 36 Cal. Rptr. 3d 176, 179-80 (2005) case or in the *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) case.

There is no question that bills of exchange are a financial instrument that are often used and accepted in commerce. [4]   Other courts have upheld bills of exchange as legitimate forms of payment and for the conveyance of monetary value in the financial system.   See e.g. *European*

---

[4] 77 A.L.R. 5th 429; Cornell Law (https://www.law.cornell.edu/wex/bill_of_exchange) ("Abill of exchange, a short-term negotiable instrument, is a signed, unconditional, written order binding one party to pay a fixed sum of money to another party on demand or at a predetermined date."); Federal Reserve Act 12 USC §353 and 358 (https://www.federalreserve.gov/aboutthefed/section14.htm).

*Asian Bank, A.G. v. G. Crohn & Co.*, 769 F.2d 93, 94 (2d Cir. 1985); *N. Am. Stainless v. PNC Bank, Ky., Inc.,* 229 F.3d 1153 (6th Cir. 2000); *Proteus Books Ltd. v. Cherry Lane Music Co., Inc.,* 873 F.2d 502, 506 (2d Cir. 1989); *Koomin Bank v. B.G. Fashion, Inc*., No. 99 CIV. 8622 (RLE), 2000 WL 1880315 (S.D.N.Y. Dec. 28, 2000).

Therefore, Chase's argument the Bills of Exchange had no value fails; the only question is "how much value did Chase receive for the bills?"  This will ultimately be determined through discovery and expert witness opinions but is not appropriate to adjudicate at this stage of the proceedings.  Whether Chase received $800,000.00 when it traded the bills of exchange or only $1,000.00, it still had a contractual duty under the Deed of Trust to apply that value toward Plaintiffs' Mortgage Loan account.  Per the clear allegations in Plaintiffs' Complaint, Chase did not do that.  Chase's wrongdoing under these asserted facts, taken as true, easily implies wrongdoing on the part of Chase.

## V.        SUMMARY

Plaintiffs' Second Amended Complaint provides fair notice of their claims against Chase and provides facts and allegations that plausibly suggest a claim for relief against Chase.  As such, the Court must deny Chase's Motion to Dismiss their Second Amended Complaint.

Dated: September 12, 2022                 Respectfully submitted,

                                          /s/ John F. Sullivan III
                                          John F. Sullivan III
                                          Attorney-in-Charge
                                          Texas Bar No. 19485010
                                          Federal I.D. No. 9761
                                          john@sullivanlawiii.com
                                          The Law Office of John F. Sullivan III, PLLC
                                          1306 Bobbitt Manor Lane
                                          Houston, TX 77055
                                          (281) 302-9363

                                          ATTORNEY FOR PLAINTIFFS


                        **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of this document was electronically filed with
the Court and served through the CM/ECF system to all counsel of record registered to
receive a Notice of Electronic Filing for this case on the 12th day of September 2022.

                                          /s/ John F. Sullivan III
                                          John F. Sullivan III