IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD LEE SCARBROUGH AND<br>CHERYL B. SLAID-SCARBROUGH<br><br>*Plaintiffs*<br><br>V.<br><br>JPMORGAN CHASE BANK, NA,<br><br>*Defendants* | § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-CV-03760 |

**PLAINTIFFS' SUR-RESPONSE TO DEFENDANTS' SUR-REPLY AND DECLARATION
AND
PLAINTIFFS' MOTION FOR CONTINUANCE UNDER FRCP 56(D)**

Plaintiffs, Edward Lee Scarbrough and Cheryl B. Slaid-Scarbrough ("Plaintiffs") file: 1. this Sur-Response to Defendants' Sur-Reply and Declaration and 2. this Motion for Continuance under FRCP 56(d).

**I.   INTRODUCTION**

In response to the Court's December 8, 2022 Order to Chase to file a Sur-Reply attaching an *affidavit under oath* "that addresses whether it took" either of the two Private Bills of Exchange and then packaged them with other negotiable instruments and traded or [sold] them into the financial markets" (Dkt. No. 54), Chase filed a conclusory and cryptic (one and one-half page) declaration[1] (*Exhibit 1*) from a person identified only as an "authorized signer" for Chase named

---

[1] This is not in technical compliance with the Court's Order as it is not an "affidavit" with the affiant's statements made under oath attested to before a notary public. Although affidavits and declaration are often used interchangeably in court proceedings, one would expect strict compliance with the specific language of the Court's Order given the consequential importance of the evidence requested by the Court from Chase.

1

Alicia Hernandez. [Dkt. No. 55]. Notably, Chase does not list Ms. Hernandez as an "individual likely to have discoverable information who [Chase] may use to support its …defenses." See Defendant's Initial Disclosure (*Exhibit 2)*.

The declaration raises far more questions than it attempts to answer. Importantly, the declaration does not say that Ms. Hernandez ever saw or processed the private bills of exchange in question or that she even examined a Chase document that references the private bills of exchange. Nor does the declaration state when Chase received the private bills of exchange or what it did with them. Significantly, it does not attempt to explain how the private bills of exchange got into the financial markets after Chase received them.

Nor does the declaration state Ms. Hernandez's actual position of employment at Chase, although one can infer that she works in (or for) Chase's legal department as she is purportedly familiar with "mortgage loan documents involved in litigation." *Exhibit 1*, p. 1, ¶2.[2] Being only "*familiar* with business records related to [Plaintiffs'] …Note and Deed of Trust" does not necessarily mean that she has credible knowledge of what Chase did with Plaintiffs' private bills of exchange or whether they were traded for value. The declaration does not state what are the specific documents she has reviewed, nor have those documents been produced by Chase. In fact, Chase has not produced any documents pertaining to the private bills of exchange even though Plaintiffs have asked for them repeatedly.[3]

---

[2] As an "authorized signer" in the legal department, Ms. Hernandez likely reviews business records of Chase and then assists counsel for Chase in crafting interrogatory answers in litigation against Chase and then she would sign "jurats" or "verifications" to be attached to the answers to interrogatories. Plaintiffs believe that the Court had higher expectations (as did Plaintiffs) for Chase's compliance with the Court's order. Plaintiffs expected that the affiant would have actual knowledge of the private bills of exchange or would have been a higher-ranking employee who describes to the Court in some detail what due diligence he or she undertook and what documents he or she reviewed to be able to "attest" to the Court on the lynchpin facts in the lawsuit.

[3] None of the documents produced by Chase in its Initial Disclosure refer to the private bills of exchange. See e.g., *Exhibit 4* (August 10, 2022 email exchange between counsel for Plaintiffs and Chase re production of documents pertaining to the private bills of exchange.)

How can the witness say definitively that Chase did not sell or trade the private bills of exchange or get value for them when she does not attest that she ever saw them, handled them, processed them, has personal knowledge of them, or reviewed a document that refers to them? She does not deny that Chase received the private bills of exchange or explain what Chase did with them or how they got from Chase into the financial markets. The declaration is therefore not trustworthy on its face. Chase has repeatedly stated that it is not able to state what it did with private bills of exchange at issue, and this declaration still does not answer that question. [4] The declaration contains only bald and unsupported conclusions and opinions that it did not sell or trade the instruments for value.[5]

On top of this, Chase consistently resisted providing any responses to Plaintiffs' Interrogatories, Requests for Production or Requests for Admission instead objecting to *every* single one. (*Exhibit 3*.) Had they complied with the federal rules, its responses would have provided the answers to these questions and allowed Plaintiffs to present evidence to the Court that would show Chase did accept these bills of exchange and put them into the financial markets for value.[6] At a minimum, before the Court can rule on Chase's Motion to Dismiss as a Motion for Summary Judgment under FRCP 56, Plaintiffs must be given an opportunity to get responses to its written discovery requests and the depositions of Ms. Hernandez and also a FRCP 30(b)6

---

[4] At the hearing on December 8, 2022, the Court asked counsel for Chase two times whether Chase received and traded the two private bills of exchange into the financial markets, and each time counsel for Chase avoided the question but ultimately said she was not able to answer the question.
[5] It seems obvious that Plaintiffs could not submit a declaration or affidavit to the Court simply stating that "Chase traded the bills of exchange into the financial markets for $800,000" and expect to receive summary judgment, especially before Chase was able to get any discovery on the issue. This is the inverse situation.
[6] Not long after this, to avoid additional expense and for judicial economy given that the Court could only consider the Plaintiffs' claims and allegations in its Complaint when determining Defendant's motion to dismiss, Plaintiffs agreed to a stay of discovery and to extend Chase's time to respond to their outstanding requests until thirty (30) days after the Court has ruled upon Chase's Motion to Dismiss under FRCP 12(b)(6). (Dkt. No. 51). Plaintiffs obviously would not have made this agreement, at that time, if it knew the Court was going to convert the motion to dismiss to a motion for summary judgment under FRCP 56 and accept evidence.

witness at Chase Bank most knowledgeable of the private bills of exchange.

## II. NATURE AND STAGE OF PROCEEDINGS

On January 11, 2022, Chase filed a Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to FRCP 12(b)(6). (Dkt. No. 16). On January 31, 2022, Plaintiffs filed a Response to Chase's Motion to Dismiss Plaintiffs' Amended Complaint pursuant to FRCP 12(b)(6). (Dkt. No 22).

On June 2, 2022, Magistrate Judge Sheldon entered his Memorandum and Recommendation that Plaintiffs' Motion to Remand be denied and that Defendants' Motions to Dismiss pursuant to FRCP 12(b)(6) be granted but also recommending that Plaintiffs be given leave to amend to satisfy the pleading requirement under FRCP 8(a). (Dkt. No. 37). On June 30, 2022, Judge Rosenthal entered an Order Adopting Memorandum and Recommendation and Granting Motions to Dismiss without prejudice and with leave to amend until July 29, 2022. (Dkt. No. 38). On July 29, 2022, Plaintiffs filed their Second Amended Complaint with affidavits and other exhibits. (Dkt. No. 39).

On August 22, 2022, Plaintiffs served a set of Requests for Production and a set of Requests for Admissions on Chase. On August 22, 2022, Chase filed its Motion to Dismiss Plaintiffs' Second Amended Complaint. (Dkt. No. 46). On August 25, Plaintiffs served a set of Interrogatories on Chase. On September 12, 2022, Plaintiffs filed a Response to Chase's Motion to Dismiss Plaintiffs' Second Amended Complaint. (Dkt. No. 49). On September 21, 2022, Chase responded to Plaintiffs' Requests for Admissions and Requests for Production, objecting to all of them. (See *Exhibit* 3).

On December 8, 2022, the Court held a hearing on Chase's Amended Motion to Dismiss and ordered Chase to provide a Sur-Reply and Affidavit that states whether it took "either of the

two Private Bills of Exchange and then packaged them with other negotiable instruments and traded or [sold] them into the financial markets" (Dkt. No. 54). On December 28, 2022, Chase filed its Sur-Reply and the Declaration of Alicia Hernandez. (Dkt. No. 55). On January 19, 2023, the Court entered a minute entry order giving the parties notice that it will treat Defendant's motion to dismiss (Dkt. No. 46) as a motion for summary judgment and therefore, it will consider all evidence presented. (Dkt. No. 56).

### III. THE COURT SHOULD GRANT A CONTINUANCE UNDER FRCP 56(D) OF THE DISPOSITION DATE OF THE MOTION FOR SUMMARY JUDGMENT UNTIL PLAINTIFFS CAN HAVE DISCOVERY

#### 1) *A Continuance is necessary after conversion of Chase's Motion to Dismiss to a Motion for Summary Judgment under FRCP 56*

The Fifth Circuit has recently made clear: "If a party cannot adequately defend against summary judgment, a Rule 56(d) motion for a continuance is his or her remedy. Rule 56(d) provides that '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may ... allow time to ... take discovery.'" *Moore v. Burlington N. Santa Fe Ry. Co.*, No. 21-20103, 2022 WL 16860550 at *3 (5th Cir. 2022).

The Supreme Court has cautioned against premature summary judgements, indicating "that the nonmoving party's obligation to respond to a motion for summary judgment 'is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir.1991) (quoting *Anderson*, *Anderson v. Liberty Lobby, Inc.,* 106 S.Ct. 2505, 2511 n.11 (1986).

While Courts have discretion to convert motions to dismiss to summary judgement in order to consider materials outside the pleadings, it is error to grant such motions before meaningful

discovery has occurred, especially in fact intensive cases. "When documents outside the pleadings have been submitted in connection with a motion to dismiss and discovery would be appropriate to resolve the issues raised in that motion, it is appropriate to allow discovery before converting the motion into one for summary judgment." *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 189 (S.D. Tex. 2008) (Rosenthal, J.); See also *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) (finding error when district court converted motion for judgement on pleadings into summary judgment without allowing discovery.)

2) *Requirements for Rule 56(d) continuance*

In the Fifth Circuit, there are three general requirements for a continuance of discovery. The nonmovant must: (1) request extended discovery prior to the court's ruling on summary judgment, (2) put the court on notice that the party is seeking further discovery pertinent to the summary judgment motion, and (3) demonstrate to the court how the requested discovery pertains to the pending motion. *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). Continuances are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

3) *Plaintiffs satisfy the requirements of Rule 56(d)*

Plaintiffs have attached proof to their Second Amended Complaint that Chase received both bills of exchange from Plaintiffs. Plaintiffs have also attached the affidavits of Michael Gleason to their Second Amended Petition showing that the document identification numbers of the two bills of exchange match up with financial instruments in funds in the financial markets.[7] See Exhibits of Michael Gleason attached as Exhibits 5 and 6 (pertinent language highlighted)

---

[7] The two bills of exchange have *unique, identifiable, serial numbers*. Using the CUSIP Global Services database, the industry standard for tracing financial instruments, Mr. Gleason identified the two bills of exchange were held by two publicly traded funds.

(also attached as Exhibits 5 and 6 (redacted) to Plaintiffs' Second Amended Complaint (Dkt. No. 39)) .

The central inquiry to Plaintiffs discovery request is simple: how did the bills of exchange, in the sole possession of Chase, wind up in financial markets. The declaration of Ms. Hernandez made no attempt to answer this question. Therefore, Plaintiffs are entitled to seek discovery from Chase to determine what it did with the bills of exchange, what records do they have, how did the bills get into the financial markets, why did Chase not return them to Plaintiffs, etc.[8]

Plaintiffs have served discovery asking Chase for documents that evidence what it did with the Private Bills of Exchange. Chase objected to every Request for Admission, every Request for Production, and every Interrogatory. (*Exhibit 3*). Though the trading of the bills of exchange is central to Plaintiff's claim, Chase insisted information about the bill's processing, trading, and documentation were "not important to the case's needs" and "unimportant to resolving the issues at stake".[9]

Plaintiffs are also entitled to obtain additional discovery based upon Ms. Hernandez's declaration. She gives the declaration based upon her review of "Chase's business records" only. (*Exhibit 1*). Yet, Chase has not produced these documents and in fact has refused to produce them to this point. Plaintiffs are entitled to see the "records maintained by …Chase" that she reviewed to prepare the declaration. Plaintiffs should also be allowed to take her deposition and take the deposition of a Rule 30(b)6 witness who has knowledge of what Chase did with the private bills

---

[8] Chase has repeatedly refused discovery by asserting the bills fall victim to the flawed "redemptionist theory". See Chase's Sur-Reply, p. 2. The theory is based on the notion that the bills in other cases were redeemable only by the U.S. Secretary of Treasury. Notably, the bills of exchange here are distinguishable because they state that they "may [also] be presented to the CFO of Fidelity Investments, Trustee, overseeing Fidelity Advisor International Real Estate Fund…" See *Exhibits 1 and 2* to Plaintiffs' Second Amended Complaint (Dkt. No. 39).

[9] Excerpts from Correspondence dated 09-21-2022 "Letter to Mr. Sullivan enclosing Chase's Objections and Responses to Requests for Admissions and Requests for Production" attached as *Exhibit 3*. See specifically Responses to Requests for Admissions numbers 6 and 7 and Responses to Requests for Production numbers 7, 11, and 35. *Id.*

7

of exchange.

Plaintiffs ultimately agreed to allow Chase 30 days after the Court rules on its Motion to Dismiss to respond to Plaintiffs discovery but explicitly conditioned on the understanding that they would receive fulsome and good faith responses as required by the rules and not stock objections. (Dkt. No. 51). Now that the Court has converted Chase's Motion to Dismiss to a Motion for Summary Judgment in which it will consider all evidence, then Plaintiffs are now justified to seek from Chase complete and full responses to its discovery requests without frivolous and repetitive objections.

## IV.  CONCLUSION

The Court should set Chase's Motion to Dismiss (now being treated as a Motion for Summary Judgment) for consideration and ruling ninety (90) days from February 13, 2023, allow Plaintiffs to take the deposition of Ms. Hernandez and a Rule 30(b)6 witness and require Chase to respond fully and in good faith to Plaintiffs' pending discovery requests (Interrogatories, Requests for Production and Requests for Admissions) and set a date one week before the date of submission of the Motion to Dismiss for Plaintiffs to file their response to the Motion for Summary Judgment with controverting evidence.

Dated: February 10, 2023

Respectfully submitted,

/s/ *John F. Sullivan III*
Attorney-in-Charge
Texas Bar No. 19485010
Federal I.D. No. 9761
john@sullivanlawiii.com
THE LAW OFFICE OF JOHN F. SULLIVAN III, PLLC
1306 Bobbitt Manor Lane
Houston, Texas 77055
Telephone: (281) 302-9363

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was electronically filed with the Court and served through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case on the 10th day of February 2023.

/s/ *John F. Sullivan III*
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EDWARD LEE SCARBROUGH AND CHERYL B. SLAID-SCARBROUGH** | § § § § | |
| *Plaintiffs* | § § | |
| V. | § § | CIVIL ACTION NO. 4:21-CV-03760 |
| **JPMORGAN CHASE BANK, NA,** | § § § | |
| *Defendants* | § § | |

## VERIFICATION

The undersigned verifies that the factual assertions in Plaintiffs' Sur-Response to Defendants' Sur-Reply and Declaration and Plaintiffs' Motion for Continuance under FRCP 56(d) are true and correct according to my personal knowledge.

_____
John F. Sullivan III